DICKINSON et al. v. CONSOLIDATED TRACTION CO. et al.

(Circuit Court of Appeals, Third Circuit. January 29, 1903.)

No. 30.

1. CORPORATIONS—LEASE OF PROPERTY AND FRANCHISES—ANNULMENT AT SUIT OF MINORITY STOCKHOLDERS.

A court of equity will not, at a suit of a minority stockholder, annul a lease made by the corporation of its property and franchises, where such lease was approved by a large majority of the stockholders, and is not shown to have been induced by fraud, nor even to be detrimental to the interests of the corporation.

2. SAME—POWER TO MAKE LEASE—NEW JERSEY STATUTES.

Under the statutes of New Jersey which authorize a corporation to lease its property and franchises, or to take a lease of the property and franchises of another corporation,—no limitation being placed upon the term of such leases,—the fact that such a lease between two corporations of the state is for so long a term as to amount practically to a conveyance of the property in fee does not affect the power of the one corporation to make, or of the other to accept, it.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Chas. J. Roe, for appellants.

John G. Johnson, for appellees.

Before ACHESON and DALLAS, Circuit Judges, and ARCHBALD, District Judge.

DALLAS, Circuit Judge. It is unnecessary to determine whether the amendments by which the complainants proposed to conform their bill to the requirements of rule 94 should not have been allowed, for, if they had been, the final decision would not have been different. The decree dismissing the bill went to the merits of the case, and, upon the merits, was clearly right. The suit was brought by the holders of 100 shares of the capital stock of the Consolidated Traction Company to annul a lease of its franchises and property, which had been made to the North Jersey Street Railway Company. This transaction of leasing was consummated about 18 months prior to the bringing of the suit. It was approved by all the shareholders of the lessor company, excepting only the holders of 400 shares; and this almost unanimous judgment of those in interest, time and the event have fully vindicated, for there can be no doubt that, by the action taken in pursuance of it, the corporation itself, and therefore all its shareholders, have been benefited. Yet these complainants prayed the court below to undo what had thus been done, and

now insist that, in refusing to grant that prayer, it denied them relief to which in equity they were entitled. The grounds upon which this insistence has been rested are untenable. The allegation that the lease in question was made in fraud of the traction company, and of the rights of its nonassenting shareholders, was not supported by the proofs; and, in our opinion, neither of the corporations concerned exceeded its lawful power in respectively making and taking that lease.

Fraud is not to be presumed, but must be established by evidence of facts from which, at least, its existence may with reasonable certainty be inferred; and the record before us reveals nothing which would have justified a finding that any of the defendants, in promoting and effecting this lease, were actuated by any purpose other than that of subserving the interest of the traction company. Having independently considered the evidence, we adopt the statement of its effect which is contained in the opinion of the court below; and we concur in the conclusion which was there reached,—that the "state of things as disclosed by the record is very far from sustaining the allegations of fraud against the individual defendants in this case, directors in the two companies, or any of them."

These companies were both New Jersey corporations, and by the law of that state, conflicting neither with its constitution nor with that of the United States, each of them was clearly authorized either to make or to take a lease of the property and franchises of the other. This, too, has been so convincingly shown by the learned circuit judge that any further discussion of the subject would be superfluous. The suggestion that, "for all substantial and practical purposes, a lease for 999 years is a conveyance in fee," is without force. The question is not as to what may be the practical effect of the particular instrument, but as to its authorization; and, as corporation leases for 999 years were well known when, by the statutory provisions to which we have referred, the power to lease was broadly and unqualifiedly given, we are not at liberty to assume that the exercise of that power was intended to be restricted to leases for a term not to exceed some limited, but wholly undefined and indeterminate, period.

The judgment of the circuit court is affirmed.