Raff *v.* Darrow—184 Ind. 353.

## RAFF *v.* DARROW ET AL.

[No. 22,746. Filed January 28, 1916.]

1. STREET RAILROADS.—*Consolidation.—Effect of Prior Operating Agreement.*—The power of consolidating street railroad companies to form a consolidation under §5690 Burns 1914, Acts 1903 p. 181, is not affected by the existence of a prior operating agreement whereby all the properties of the several companies should be operated as a unit by a joint committee, on the theory that the statute limits the power to consolidate to companies which at the time of consolidation are engaged in operating property belonging to the company. p. 355.

2. STREET RAILROADS.—*Consolidation.—Statutes.*—The title of the act of March 3, 1899 (Acts 1899 p. 378), relating to the consolidation of railroad companies, was sufficient to cover the subject-matter of §6 thereof, and under that section as amended (§5690 Burns 1914, Acts 1903 p. 181), electric street and interurban railway companies may consolidate, and consolidation may be effected thereunder by a vote of a majority of the stock and without the unanimous consent of the stockholders. p. 356.

3. STREET RAILROADS.—*Consolidation.—Minority Stockholders.*—While under §5690 Burns 1914, Acts 1903 p. 181, the consolidation of street railroad corporations can be effected only by a majority vote of the stock of the constituent companies, a minority stockholder can not question the proceedings on the ground of irregularity because the initial action was taken by the several boards of directors of the consolidating companies, where it appears that such action was ratified by a majority of the stock of each corporation. p. 357.

4. STREET RAILROADS.—*Consolidation.—Voters' Pools.—Right to Object.*—A minority stockholder can not object to a consolidation of street railroads under §5690 Burns 1914, Acts 1903 p. 181, on

the ground that trustees in charge of a voters' pool, in which he was not a participant, were without authority to vote for the consolidation, and that without such vote a majority of the stock was not voted in favor of the consolidation, since the stockholders participating in the pool might have voted individually in favor of the consolidation, and they alone could object to the action of the trustees. p. 357.

5. STREET RAILROADS.—*Consolidation.*—*Connecting and Continuous Lines.*—The fact that one of four consolidating street and interurban railroad companies crossed the line of the others almost at right angles and formed a connecting line for the distance of only one-half mile, did not bring the consolidation within the proviso to §5685 Burns 1914, Acts 1899 p. 378, permitting only such companies to consolidate as have connecting and continuous lines constructed or in process of construction. p. 358.

6. STREET RAILROADS.—*Consolidation.*—*Fraud.*—Since it is the policy of the law to leave corporate affairs to the control of corporate agencies, a minority stockholder of a street railroad company objecting to a consolidation on the ground of fraud, has the burden of establishing such fraud. p. 360.

From Porter Circuit Court; *Harry B. Tuthill*, Special Judge.

Action by Ferdinand O. Raff against Lemuel Darrow and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Howell, Jones & Devine* and *Addison C. Harris*, for appellant.

*E. D. Crumpacker, Grant Crumpacker* and *O. L. Crumpacker*, for appellees.

LAIRY, J.—Appellant brought this suit as a stockholder of the Gary and Interurban Railway Company to set aside a claimed consolidation of the company with three other companies named as defendants, which consolidated company, bears the name of the Gary and Interurban Railroad Company. The action was commenced against The Gary and Interurban Railroad Company, The Gary and Interurban Railway Company, the Gary Connecting Railways Company, the Valparaiso and Northern Railway Company, the Goshen, South Bend and

Chicago Railway Company, the Chicago, New York Electric Air Line Railroad Company and the individual defendants who are officers and directors of the defendant companies. The trial court made a special finding of facts and pronounced its conclusions of law thereon upon which a judgment was entered in favor of defendants. The questions presented on appeal arise upon the exceptions of appellant to the court's conclusions of law upon the facts as stated in the special finding.

The facts as herein stated are borne out by the special finding, but in view of the length of such special finding no attempt will be made to 1. set out the substance of all the facts therein contained. Only such facts will be stated as are deemed necessary to an understanding of the questions presented for decision. On January 25, 1913, the several boards of directors of the Gary and Interurban Railway Company, the Gary Connecting Railways Company, the Valparaiso and Northern Railway Company, and the Goshen, South Bend and Chicago Railway Company held their respective meetings. At each of these meetings a resolution was adopted, by their respective boards of directors, consolidating such company with the three others named, under the name of the Gary and Interurban Railroad Company. At the same meetings and before the adoption of the consolidating resolution, the several corporations named entered into a joint operating agreement, which is set out in full in the special finding, by which it is stipulated that all of the properties belonging to the several corporations should be operated as a unit by a joint operating committee to be appointed in a manner provided by the contract, which committee was given power and authority to operate and manage all of such property and to collect and disburse

all income and earnings as a joint fund for the joint and equal benefit of the companies to the agreement. The contract makes provision for the maintenance of the properties, the payment of operating expenses and fixed charges and for the distribution of the surplus or net earnings. By the terms of the contract it was to continue in force until December 31, 1922. Appellant asserts that the effect of this joint operating agreement was to take the control and management of the properties of the several corporations out of the hands of the officers and directors of such companies and to place the management of all in the hands of the joint operating committee; and that as the act of March 3, 1899, as amended in 1903 (Acts 1903 p. 181, §5690 Burns 1914), provides that companies engaged in operating certain railroad properties may under certain conditions consolidate, the power to consolidate under §6 of the act is limited to companies which at the time of the consolidation are engaged in operating the property belonging to the company. This court has recently construed this section of the act in this particular and the ruling was adverse to appellant's contention. *Norton* v. *Union Traction Co.* (1915), 183 Ind. 666, 110 N. E. 113. The case cited disposes of several other questions 2. presented by the appeal in this case. It is held in that case that electric street and interurban railway companies may be consolidated under §6 of the act referred to. It is there held also that a consolidation may be effected under this section by a vote of a majority of the stock and without the unanimous consent of the stockholders. The title of the act was also held sufficient to cover the subject-matter incorporated in §6 thereof.

A consolidation under §6 of the act cited can be effected only by a majority vote of the stock of the

constituent companies. *Norton* v. *Union Traction Co.*, *supra*. The initiative action as shown by the special finding in this case was taken by the several boards of directors of the companies participating in the consolidation, but this action of the boards of directors was ratified and confirmed by the action of the stockholders of each company at meetings subsequently held. It thus appearing that the holders of the majority of the stock of each corporation favored the action taken, a minority stockholder has no right to question the proceedings on the ground that they were irregular or that the boards of directors assumed to act beyond their power. *Venner* v. *Chicago City R. Co.* (1908), 236 Ill. 349, 86 N. E. 266; *Dickinson* v. *Consolidated Traction Co.* (1903), 119 Fed. 871, 56 C. C. A. 401; *Hutcheson* v. *American Palace Car Co.* (1900), 104 Fed. 182; *Rafferty* v. *Buffalo City Gas Co.* (1899), 37 App. Div. 618, 56 N. Y. Supp. 288.

At the adjourned meeting of the stockholders of the Gary and Interurban Railway Company the special finding states that 22,944 shares were voted in favor of ratifying the action of the board of directors in passing the consolidation resolution, and the total amount of stock outstanding at the time was 35,405 shares. It is further disclosed by the finding that 18,606 shares of stock, voting in favor of such ratification were voted by the trustees under a voting trust agreement set out in another part of the finding. It is the contention of appellant that the voting trust agreement under which these trustees held such shares of stock, did not authorize them to vote upon a question of consolidation and that, for this reason, these shares should not be counted in determining whether a majority of the stock voted in favor of the consolida-

tion.   The position of appellant in this regard can
not be sustained.   The right of the trustees to vote
the stock held by them under this agreement can not
be. questioned except by those for whose benefit
the stock was held.   Appellant does not claim to
stand in this relation, as he.was not a member of
the voters' pool.   It does not lie in his mouth
to question the right of the trustees to vote the stock
held by them in favor of the consolidation.   In the
case of *Market St. R. Co.* v. *Hellman* (1895), 109
Cal. 571, 42 Pac. 225, the court said: "Some of the
stock was held and voted by trustees who not only
appeared upon the books of the corporation as such,
but were really and in fact trustees for other per-
sons.   The contention of appellant is that a trustee
of stock has no authority to destroy the corporation
by merging it in another corporation.   The answer
to the proposition must be that the trustee is the
legal owner of the stock, and as against the corpora-
tion and all the world, except his *cestui que trust*,
no inquiry may be had touching his actions in the
premises."   In the absence of such voting trust
agreement there can be no doubt that the holders of
these shares could have voted in favor of the
consolidation and they had a right to authorize the
trustees under such agreement to so vote them.   If
the trustees exceeded the authority given, the per-
sons beneficially interested in the stock which they
assumed to vote were the only ones who would have
a right to complain.

The special finding shows that at the time of the
consolidation the line of the Goshen, South Bend
and Chicago Railway extended from La-
porte westward to Goodrum, a town about
seven miles north of Valparaiso; that the line
of the Gary Connecting Railways Company ex--
tended from Woodville Junction about one-half

mile south of Goodrum westward to Gary; that the
lines of the Gary and Interurban Railway Com-
pany were located in Gary and extended to the city
of Hammond; and the lines of the Valparaiso and
Northern Railway Company extended from Val-
paraiso in a northerly direction through Woodville
Junction and Goodrum to Chesterton about four
miles north of Goodrum. Appellant asserts that
the lines of the Valparaiso and Northern Railway
Company are not connecting and continuous when
considered in connection with the lines of the other
companies participating in the consolidation within
the meaning of the proviso contained in §1 of the
act (Acts 1899 p. 378, §5685 Burns 1914) under con-
sideration for the reason that this road crosses the
others almost at right angles and forms a connect-
ing link only for the distance of one-half mile
between Woodville Junction and Goodrum. The
proviso relied on reads as follows, "*Provided*, that
only such companies shall be permitted to consoli-
date under this act as have connecting and continu-
ous lines constructed or in the process of construc-
tion." In the case of *Smith* v. *Cleveland, etc., R. Co.*
(1908), 170 Ind. 382, 394, 81 N. E. 501, this court
in an opinion by Justice Montgomery placed a con-
struction on §5339 Burns 1914, §3951 R. S. 1881,
which relates to steam railroad companies. In the
language of this section to which the court in that
case refers "any railroad company incorporated un-
der the provisions of this act shall have power to
consolidate with other railroad corporations in a
*continuous* line either within or without the state."
The court said: "The manifest purpose of the pro-
vision prohibiting consolidations was to prevent
the absorbtion of competing lines. In our opinion
the contiguity or intersection at a terminal point of
the roads consolidated did not come within the pro-

hibition of the statute, but the consolidated lines were so far continuous as to fall within the authority to consolidate authorized by this act." The trial court finds that the consolidated lines of road were not competing lines and we hold on the authority of the case last cited that they were connecting and continuous lines within the meaning of the act.

It is also claimed by appellant that the consolidation under consideration amounted to a constructive fraud upon the minority stockholders. The attention of the court is not called to any facts found by the trial court from which this court would be authorized to hold as a matter of law that a fraud has been perpetrated. The burden was on appellant to allege and prove facts from which fraud could be deduced as a matter of law without regard to fraudulent intent. It is the policy of the law to leave corporate affairs to the control of corporate agencies and the courts are not warranted at the suit of minority stockholders in interfering with the management of such agencies even though it may be unwise and may result in loss, except in a plain case of fraud, breach of trust, or such maladministration as works a manifest wrong to them. *Norton* v. *Union Traction Co., supra; Corbus* v. *Alaska, etc., Gold Min. Co.* (1903), 187 U. S. 455; 23 Sup. Ct. 157, 47 L. Ed. 256; 26 Am. and Eng. Ency. Law. (2d ed.) 959. The trial court did not err in its conclusions of law on the facts found. Judgment affirmed.

NOTE.—Reported in 111 N. E. 189. As to the right of a stockholder to object to consolidation of his company with another, see 89 Am. St. 621. On the right of corporations generally to consolidate, see 52 L. R. A. 369. As to restrictions on consolidation of parallel or competing railroads, see 45 L. R. A. 271. As to the necessity of assent of all the stockholders to consolidation of corporations, see 19 Ann. Cas. 1266. As to what are competing lines of railroad, see Ann. Cas. 1913 A 638. See, also, under (1, 5) 36 Cyc 1437; (3, 4) 10 Cyc 299; (6) 10 Cyc 297, 299.