Wood, Respondent, vs. The Union Gospel Church Building Association, imp., Appellant.

*March 10 — March 31, 1885.*

*Corporations — Equity — Illegal issue of stock — Amendment of articles — Pleading — Parties.*

1. A court of equity has jurisdiction of an action brought by a stockholder against a corporation to procure the cancellation of certain stock alleged to have been issued without lawful authority, and incidentally to restrain the holders of such stock from voting thereon.

2. An amendment to articles of incorporation is inoperative until a certificate thereof is left for record in the office of register of deeds.

3. An allegation in a complaint that no certificate of an amendment to articles of incorporation has been *filed* in the office of register of deeds, is equivalent to an averment that no such certificate has been left for record.

4. A complaint stating that the whole original stock of a corporation was subscribed and paid for before an attempted increase of the capital stock, that the plaintiff subscribed and paid for his shares, and that he is now the owner thereof, sufficiently shows that he was a stockholder at the time of such attempted increase.

5. In an action to procure the cancellation of illegal stock, the objection that the plaintiff did not, before suit, apply to the directors for such relief, goes to his legal capacity to sue, and when it appears upon the face of the complaint is waived if not taken by demurrer.

6. Where the complaint, though in form in behalf of the plaintiff alone, shows that other stockholders will be injured in the same manner as the plaintiff by the unlawful issue of stock and that it was issued contrary to their wishes, and demands relief which would necessarily inure to the benefit of all stockholders, the action is in behalf of all, and any stockholder may become a party plaintiff.

7. In an action to procure the cancellation of stock unlawfully issued, the directors of the corporation are not *necessary* parties.

APPEAL from the Circuit Court for *Milwaukee* County.

This is an action in equity, brought by the plaintiff, a stockholder in the defendant corporation, to obtain the cancellation of certain stock alleged to have been illegally issued by such corporation, and for an injunction. The corporation defendant demurred separately to the complaint, and this appeal is from an order overruling such demurrer. The case stated in the complaint is substantially as follows:

The Union Gospel Church Building Association was organized in 1880, and exists under ch. 86, R. S. It was so organized for the purpose of buying or leasing real estate in the city of Milwaukee and building thereon a house of worship. Its location is in that city, and it was formed with a capital stock of $2,500. Prior to March 28, 1882, the whole capital stock was subscribed by various persons,

and paid for at the par or face value thereof. The plaintiff so subscribed and paid for three shares of the stock, and still owns the same.

In March, 1882, the corporation attempted to increase its capital stock to $10,000, but failed to do so by reason of several specified irregularities in the proceedings in that behalf, one of which is that "no copy of any amendment to said original articles of incorporation has been certified to and filed in the office of the register of deeds of said Milwaukee county."

The affairs of said corporation always have been, and still are, managed by a board of five directors. In March, 1882, five persons named in the complaint were, and still are, such directors. About February 1, 1884, the board of directors, "without any consideration therefor, and contrary to the wishes of this plaintiff and other then-existing stockholders, caused to be issued and delivered to divers persons thirty-nine shares of the capital stock of said corporation." Such persons neither subscribed for the stock so issued to them, nor paid any consideration for it. The plaintiff is refused access to the books and records of the corporation by the defendant Hoskin, who is the secretary thereof, and is, therefore, unable to state in whose names the thirty-nine shares of stock stand in said books.

The defendant Hoskin has, without any consideration therefor, obtained the possession and control of the said thirty-nine shares, upon which he proposes to vote at the next annual meeting of stockholders for the election of officers, and thereby to secure the control and direction of the affairs and business of the corporation for the ensuing year. The proceeds of the original stock of $2,500 were invested in real estate and a church building, which are still owned by the corporation, are used for church purposes, and are worth $3,500.

The complaint charges that if the holders of the thirty-

nine shares of stock so illegally issued, vote upon such stock at the then next ensuing annual meeting of the corporation, "such voting will be in fraud of the rights of this plaintiff, and the other owners and holders of the stock issued under said original articles of incorporation, and deprive them of their just and lawful representation in the affairs and conduct of said corporation, and inflict irreparable injury upon the rights and interests of the lawful stockholders of the said corporation."

The relief demanded is that the owners and holders of the thirty-nine shares of stock, when ascertained, be made parties defendant to the action, and that such stock be declared null and void, and be canceled. There is also a prayer for a temporary injunction, and for general relief.

The following are the grounds of demurrer assigned: (1) That the complaint fails to state a cause of action; (2) the court has no jurisdiction of the subject matter of the action; (3) there is a defect of parties plaintiff in that the action should have been brought in behalf of all other stockholders of the defendant corporation as well as on behalf of the plaintiff; and (4) there is a defect of parties defendant in that the directors named in the complaint are not made defendants.

*J. E. Wildish*, attorney, and *Geo. H. Noyes*, of counsel, for the appellant.

*W. J. Turner* and *Lindley Collins*, for the respondent, to the point that a single stockholder might bring the action for his own benefit, cited *Cazeaux v. Mali*, 25 Barb. 584; 36 N. Y. 200; *Dousman v. W. & L. S. M. & S. Co.* 40 Wis. 418; *Heath v. Erie R. Co.* 8 Blatchf. 347; *Robinson v. Smith*, 3 Paige Ch. 222; Angell & A. on Corp. (11th ed.), secs. 391, 393; 12 Beav. 339, 377; *Hatch v. C., R. I. & P. R. Co.* 6 Blatchf. 105; *Pond v. V. V. R. R.* 12 id. 280; *Hersey v. Veazie*, 24 Me. 9; *Brown v. Vandyke*, 8 N. J. Eq. 795; *Cunliff v. M. & B. Canal Co.* 2 Russ. & M. 480; *Man-*

*derson v. Comm. Bank*, 28 Pa. St. 379; Boone on Corp. sec. 150; 2 High on Injunctions, secs. 1226–7; *Nevil v. Clifford*, 55 Wis. 167; *Eldredge v. Putnam*, 46 id. 206; *Hubbard v. Burrell*, 41 id. 372.

LYON, J. 1. The action was brought by a stockholder in the defendant corporation to procure the cancellation of certain stock alleged to have been issued by its board of directors without lawful authority, and incidentally to obtain an injunction to restrain the holders of such illegal stock from voting thereon at the meetings of the corporation. Courts of equity constantly take jurisdiction of such actions, and hence the objection that the court has no jurisdiction of the subject matter of the action cannot be sustained.

2. Does the complaint state facts sufficient to constitute a cause of action? That is to say, does it show on its face that the thirty-nine shares of stock were issued without authority of law? Sec. 1772, R. S., provides that the original articles of incorporation, or a true copy thereof, duly verified, "shall be recorded by the register of deeds of the county in which such corporation is located; and no corporation shall, until such articles be so left for record, have legal existence." Sec. 1774 authorizes the amendment of the original articles for any purpose which might have been provided therein, and requires that a certificate of such amendment, executed as specified in that section, shall be recorded in the office where the original articles are recorded. These sections are *in pari materia*, and must be construed together. So construed, the amendment increasing the capital stock of the defendant corporation is entirely inoperative until such certificate shall be left for record with the register of deeds of Milwaukee county. The averment in the complaint is that the same has not been *filed* in the office of such register of deeds. It is claimed that this

is not an averment that the certificate of the amendment has not been *recorded* in that office. The criticism is merely a verbal one. We regard the averment as equivalent to saying that such certificate has not been left for record with such register of deeds, and if not so left, of course it could not have been recorded. It follows that the thirty-nine shares of stock were issued without authority of law.

The complaint further alleges that none of the persons to whom such illegal stock was issued paid any consideration for it, and that the corporation received no consideration therefor. For this reason, also, the stock was illegally issued. R. S., sec. 1753.

It was argued by counsel for the defendant that the complaint fails to show that the plaintiff was a stockholder at the time of the alleged illegal transactions. We think that, under a fair construction of the complaint, the point is not well taken. It is alleged therein that the whole original stock of the corporation was subscribed and paid for before the attempted increase of its capital stock; that the plaintiff subscribed and paid for his shares, and is now the lawful owner and holder thereof. This is sufficient.

It is further maintained that the complaint is insufficient because it fails to allege that the plaintiff, before he commenced this action, made any application to the board of directors to procure the cancellation of the illegal stock. This objection goes to the legal capacity of the plaintiff to bring the action, and is waived by the failure of the appellant to take the objection by demurrer. R. S. secs. 2649, 2654.

We conclude that the complaint states an equitable cause of action.

3. The complaint is, in form, in behalf of the plaintiff alone. It states, however, that the original stockholders, or at least some of them, are affected the same as he is by the issue of the illegal stock,— are injured thereby in the

same manner,— and that such stock was issued contrary to their wishes. The relief demanded, if granted, necessarily inures to the benefit of all such other stockholders as well as the plaintiff. While, therefore, the complaint contains no formal statement that the action is brought for the benefit of the other original stockholders, we are of the opinion that it was brought in their behalf, and that any of them may become parties plaintiff thereto upon due application. This seems to us to be the fair construction of the pleading, and we hold it sufficient in that particular.

Many authorities were cited on behalf of the plaintiff to show that the action may be maintained in his behalf alone, without reference to the interests of the original stockholders; but the view we have taken of the complaint renders it unnecessary to consider this question. On this subject, however, see *Nevil v. Clifford*, 55 Wis. 161; *Dousman v. W. & L. S. M. & S. Co.* 40 Wis. 418.

4. Should the directors have been made parties defendant to the action? The case last above cited (40 Wis. 418) answers this question in the negative. Probably the directors would be proper parties had the plaintiff elected to make them such, but they are not necessary parties.

We conclude that the demurrer was properly overruled. *By the Court.*— Order affirmed.

