## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### RADFORD WEST END LAND CO. v. COWAN.

#### June 18, 1903.

1. INSOLVENT CORPORATIONS—*Winding Up Under Acts 1901, Page 326—Case in Judgment.*—Under Acts 1901, page 326, providing for winding up abandoned, insolvent, and unprofitable corporations at the suit of stockholders, a court of equity has no jurisdiction to wind up a land and improvement company, at the instance of a stockholder, where it appears that the company owes no debts, its expenses are not in excess of its income, it is not wasting its assets, its management has not been abandoned by its officers or directors, its affairs are not grossly mismanaged, and it still owns a part of the real estate originally purchased by it and is ready and willing to sell the same to purchasers, and the evidence is conflicting as to the future of the company, but leaves a reasonable expectation that existing conditions will improve.

Appeal from a decree of the Circuit Court of Montgomery county, pronounced November 20, 1902, in a suit in chancery, wherein the appellee was the complainant, and the appellant and others were the defendants.

Reversed.

The opinion states the case.

*W. B. Kegley* and *Charles L. McKeehan,* for the appellant.

*Archer A. Phlegar* and *Thompkins & Thompkins,* for the appellees.

KEITH, P., delivered the opinion of the court.

The bill in this case was filed by John T. Cowan to have the

Radford West End Land Company dissolved, and its assets distributed. The statute (Acts Ex. Sess. 1901, p. 326, c. 298) under which the court took jurisdiction is as follows:

"Be it enacted by the General Assembly of Virginia, that whenever the principal purpose for which a mining or manufacturing company or a land and improvement company or a mercantile or commercial company incorporated in this State has failed, or the management of the company has been abandoned by its officers or Board of Directors, or the company has become insolvent, or its assets are being consumed in expenses, without benefit or probable benefit to the stockholders, or its affairs are being grossly mismanaged, it shall be lawful for any court having chancery jurisdiction to wind up such company and make such disposition of its assets as may be just and equitable in a suit brought by a stockholder or stockholders holding at least one-tenth of the capital stock of the company."

It appears that the corporation was chartered in 1890 with a minimum capital stock of $85,000, and a maximum capital stock of $500,000, to be divided into shares of $100 each; that it purchased a tract of 300 acres of land now within the limits of the city of Radford, and its object was to subdivide this land into lots and to sell them at a profit. Eight hundred and fifty shares of stock were issued, of which number 100 shares fully paid and non-assessable, were issued to the plaintiff, and the remaining 750 shares to various other persons.

It appears that it owes no debts, that its expenses are not greater than its income, that it is not wasting its assets, that its management has not been abandoned by its officers or Board of Directors, and that its affairs are, under the circumstances, not grossly mismanaged. As to the future of the corporation, the evidence is conflicting. Some witnesses express the hope, and give their reasons for the opinion they entertain, that there will be a great improvement in the value of the land retained by the company, and that, with prudent management, the stockholders

may reasonably expect to be reimbursed a considerable portion of the assessments which they have been required to pay. We cannot say that the purpose for which the corporation was organized has failed. It still owns land, which is ready to sell whenever a purchaser can be found, and the proof is that the demand for small lots or parcels of land in that locality has increased. It still preserves its organization. We cannot say that it is insolvent, for it owes no debts; nor that its assets are being consumed in expenses, for its expenses are within its income; and the facts enumerated are sufficient to repel the charge of gross mismanagement. Whether it will be for the benefit of its stockholders that the company should continue in business is, of course, uncertain; but, as we have seen, upon that point the evidence leaves the stockholders a reasonable expectation that present conditions will improve.

Under all the circumstances of the case, we are of opinion that the appellee does not bring himself within the terms of the act of assembly providing for winding up abandoned, insolvent, or unprofitable corporations at the suit of stockholders; and, without passing upon any other question raised in the record, the decree of the Circuit Court, for the reasons stated, must be reversed, and this court will make such decree as the Circuit Court ought to have rendered.

*Reversed.*