# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## SOUTH NORFOLK LAND COMPANY V. TEBAULT AND OTHERS.

March 13, 1919.

Absent, Prentis, J.

1. STOCK AND STOCKHOLDERS—*Action by Minority Stockholders—Demurrer to Bill.*—A bill was filed by minority stockholders to enforce the collection of debts due to the company. The bill alleged that the corporation was practically managed and dominated by its president, who owned and controlled the majority of the stock, and that it was run in his interest, and charged delinquencies of both commission and omission on his part, manifesting a disregard of· the rights and wishes of the minority, the diversion of corporate funds, and the neglect or refusal to hold stockholders' meetings. The bill prayed for the appointment of a receiver to take charge of the assets and business of the company, for an audit of the accounts of the officers, the ascertainment of debts due, especially from the president, and that the court should wind up the affairs of the company and distribute its assets among those entitled. Defendants demurred, on the ground that the facts charged did not bring the case within the provisions of section 1105-a, paragraph 15, Code of 1904.

   *Held:* That the bill was not demurrable for this reason, as it was not brought under section 1105-a, Code of 1904, for the purpose of dissolving the corporation, but was an appeal to the general equity jurisdiction of the court.

2. CORPORATIONS—*Dissolution—Bill Filed for Purpose of Collecting Assets of Corporation and Distributing them Equitably.*—A bill, filed by directors of a corporation, who are also stockholders, for the sole purpose of collecting its assets and distributing them equitably amongst those entitled, is in no sense a bill to wind up the corporation. The result may be the application of all the assets of the corporation to the discharge of liabilities, and its consequent inability to continue business, but neither insolvency nor the appointment of a receiver· operates a dissolution of the corporation.

3. CORPORATIONS—*Stock and Stockholders—Right of Minority Stockholders—Receiver.*—Where under the judicious and economical

management of its president, the stockholders of a corporation had been paid large dividends and the property of the corporation had largely enhanced in value, and the president was not charged with dishonesty or fraud, and the success of the corporation demonstrated his capacity to manage its affairs, it is error to decree in a suit by minority stockholders a partition of the assets of the company between the majority and minority stockholders, notwithstanding that the president had denied to the minority participation in the management of the company's affairs. Under such circumstances, however, jurisdiction of the case will be retained by the court, with leave to complainants to apply to the court for relief in the premises if it should become necessary for them to do so.

4. Costs—*Action by Minority Stockholders.*—Where a suit by the minority stockholders against the corporation and the majority stockholders was rendered necessary by the misconduct of the president in refusing to allow the minority stockholders to participate in the management of the corporation, the costs of the suit were rightly awarded against the president.

5. Appeal and Error—*Costs.*—A suit by the minority stockholders against the corporation and the majority stockholders was rendered necessary by the misconduct of the president in refusing to allow the minority stockholders to participate in the management of the corporation. On appeal an injunction against the corporation continuing business was dissolved, and the decree, so far as it directed that a proportion of the assets of the company in kind be set apart to the minority stockholders, was set aside. But the court was directed to retain jurisdiction for further relief of the minority stockholders if it should become necessary.

*Held:* That the costs of the appeal should be taxed against the company and paid out of its assets.

Appeal from a decree of the Court of Law and Chancery of city of Norfolk. Decree for complainants. Defendants appeal.

*Reversed in part; affirmed in part.*

The opinion states the case.

*Wolcott, Wolcott, Lankford & Kear, J. T. Lawless* and *T. H. Synon,* for the appellants.

*John B. Jenkins, Jr., G. Tayloe Gwathmey* and *E. R. F. Wells,* for the appellees.

WHITTLE, P., delivered the opinion of the court.

This suit was brought by Jennie T. Tebault and others, minority stockholders of the South Norfolk Land Company (a domestic corporation organized and chartered to acquire a certain boundary of land in South Norfolk to be subdivided into lots for sale) against the company and the majority stockholders.

The bill sets forth in outline the history and formation of the corporation, and was filed to enforce the collection of debts due to the company, alleging that the stockholders and a majority of the board of directors had refused to authorize a suit for that purpose. It alleges that the corporation is practically managed and dominated by T. H. Synon, the president, who owns and controls the majority stock, and that it is being run in his interest; charges delinquencies of both commission and omission on his part, which manifest a disregard of the rights and wishes of the minority in many particulars, such as withholding from them information affecting their interests, the diversions of corporate funds; and the neglect or refusal to hold regular and necessary meetings of the stockholders and board of directors; and that when such meetings are held the rights and recommendations of the minority are ignored. The prayer of the bill is for the appointment of a receiver to take charge of the assets and business of the company, for an audit of the accounts of the officers, the ascertainment of debts due, especially from T. H. Synon, as president and administrator of the estate of his deceased wife, M. Denver Synon, late treasurer of the company, including all moneys received or that should have been received by them, and what disposition has been made of the same; that the court will wind up

the affairs of the company, and take charge of its assets and distribute them amongst those entitled; and, finally, for general and special relief.

[1] The defendants filed a demurrer and answers to the bill. The demurrer was overruled and the case referred to a commissioner in chancery to make certain inquiries and take certain accounts along the line of and in accordance with the allegations and prayer of the bill. The ground of demurrer that was chiefly stressed is, that the facts charged do not bring the case within the provisions of section 1105-a, paragraph 15, Virginia Code, 1904. This contention indicates a misapprehension of the scope and objects of the bill. It was not brought under section 1105-a, *supra,* for the purpose of dissolving the corporation, nor are the facts alleged therein sufficient to entitle the plaintiffs to invoke that statutory remedy. This plainly appears from the foregoing statement of the case, read in connection with the opinion of this court in *Radford, etc., Co.* v. *Cowan,* 101 Va. 632, 44 S. E. 753.

[2] In the syllabus to the case of *Camden* v. *Va. Safe Deposit Corp.,* 115 Va. 20, 78 S. E. 596 (which is a correct epitome of the decision), it is said: "A bill filed by directors of a corporation, who are also stockholders, for the sole purpose of collecting its assets and distributing them equitably amongst those entitled, is in no sense a bill to wind up the corporation. The result may be the application of all the assets of the corporation to the discharge of liabilities, and its consequent inability to continue business, but neither insolvency nor the appointment of a receiver operates a dissolution of the corporation  *  *  *"

The instant case comes within the influence of that decision and is an appeal to the general equity jurisdiction of the court; and, consequently, the demurrer was rightly overruled.

[3] On the merits, the record discloses no great con-

flict in the evidence upon the essential issues of the case. The special grievances of appellants is to that part of the decree which adopts the views of the commissioner with respect to the character and measure of relief to which the appellees are entitled.   The plan proposed by the commissioner was suggested by and adopted from the decision of the vice-chancellor in an analogous case of *Fougeray* v. *Cord,* 50 N. J. Eq. 185, 24 Atl. 499.   In that case the vice-chancellor advised a decree to ascertain and set off to appellees (the minority stockholders), by way of final dividend, their proportionate share (based on stock holdings) of the unsold lots, and the turning over of their stock to the majority stockholders.   In other words, the decree operated a partition of the real estate of the company between the majority and minority stockholders.   The facts of that case appealed much more strongly to the vice-chancellor to grant the extreme relief accorded than do the facts of the case in judgment.   In the former, the majority stockholders were systematically robbing their associates; the vice-chancellor characterizing the whole transaction as "a piece of gross and bungling thievery."   The situation in the case before us is essentially different.   Here the original investment was $30,000, and the company, under the judicious and economical management of Synon, has already paid the stockholders $48,295; and it still owns 192 lots of the estimated value of $80,000.   Obviously, the machinery of the corporation and the good will and co-operation of all the stockholders is essential to the successful sale of the remaining lots.   The commissioner's report, which is sustained by the evidence, shows that Synon "is not to be charged in any sense with dishonesty or fraud," and the phenominal success of the company demonstrates his capacity, under proper restrictions, to manage its affairs.

"The head and front of his offending hath this extent, no more," in the language of the commissioner:   "He had

an exaggerated idea of the rights of the majority stockholders in a corporation and of their duties toward the minority interests." There is no question but that Synon carried this obsession to the indefensible length of stifling the voice of the minority in their participation in the management of the company's affairs. Nevertheless, the circumstances of the case do not call for the drastic remedy applied in the decree under review. Plainly, its affirmance would operate to the injury of all concerned. It is furthermore proper to observe, that on appeal to the Court of Error and Appeals of New Jersey (*Laurel Springs Land Co.* v. *Fougeray,* 50 N. J. Eq. 756, 26 Atl. 886), the decree of the vice-chancellor in the case of *Fougeray* v. *Cord, supra, in the particular we are discussing,* was reversed. The appellate court, with clearness and precision, defines the rights of minority stockholders, and says: "So much of it (the decree) as * * * directs a transfer to the complainant of a part of its net assets, and a conveyance to him in fee of one-third of the unsold real estate must be reversed * * *" And in order that the matter might remain under the scrutiny and control of the court, it was held that the case, when remanded, should be retained, with leave to the complainant to apply to the court for relief in the premises if it should become necessary for him to do so.

The wisdom of the conclusion reached by the court of errors and appeals commends itself to our judgment, and accords with our view in the instant case on the main proposition; and, therefore, will be followed. The injunction stopping the company's business, which is continued in force until the further order of the court, should be dissolved.

The remaining assignments of error are without merit and do not demand special notice.

[4, 5] The litigation was rendered necessary by the misconduct of T. H. Synon, and the costs accruing to the date of the decree appealed from were rightly awarded against

him; but all subsequent costs, including the costs of this appeal, should be taxed against the company and paid out of its assets.

Upon the whole case, we are of opinion that the decree appealed from, so far as it directs that a proportion of the assets of the company in kind be set apart to appellees jointly, and further directs that the injunction granted on July 27, 1917, be continued in force until the further order of the court, is erroneous and must be reversed and annulled, and in all other respects is without error and is affirmed. And the case will be remanded to the Court of Law and Chancery of the city of Norfolk for further proceedings to be had therein not in conflict with the views expressed in this opinion.

*Reversed in part and affirmed in part.*