ALLEN H. AINSCOW,

*vs.*

SANITARY COMPANY OF AMERICA, a corporation of the State
of Delaware, and WILLIAM S. POTTER, Receiver of and
for Consolidated Management Association, a Delaware
corporation.

*New Castle,* July 5, 1935.

*Ivan Culbertson,* for complainant.

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for receiver.

THE CHANCELLOR: The complainant sues in his derivative right as a stockholder of Sanitary Company of America. The wrong, if any, against which he complains is one that was done to the corporation. Any relief which may be afforded is in its behalf and inures to its benefit. The complainant as a stockholder is interested in the alleged wrong and in the relief only in an indirect and derivative sense. The nature of a derivative suit was commented on in *Cantor, et al., v. Sachs, et al.,* 18 *Del. Ch.* 359, 162 *A.* 73. In a case of that type a stockholder has no right to file a bill in the corporation's behalf unless he has first made demand on the corporation that it bring the suit and the demand has been answered by a refusal, or unless the circumstances are such that because of the relation of the

responsible officers of the corporation to the alleged wrongs, a demand would be obviously futile or, if complied with, it is apparent that the officers are not the proper persons to conduct the litigation. The Supreme Court of this State so decided in *Sohland v. Baker,* 15 *Del. Ch.* 431, 141 *A.* 277, 58 *A. L. R.* 693. Several cases in this court, which it is unnecessary to cite, have held to the same effect.

There is no allegation in the pending bill of a demand upon and refusal by the corporation to inaugurate this suit. No excusing circumstances are alleged whereby the necessity of a demand and refusal is obviated. No proof of any sort was offered of these essential facts concerning which the bill is silent.

The solicitor for the receiver has therefore moved that the bill be dismissed regardless of the merits of the underlying grievance which the corporation is said to possess.

The question of whether a stockholder may act as a volunteer in taking up the cudgels in behalf of his corporation is not one of jurisdiction. It is one of his right and authority to act. *Illinois Central R. R. Co. v. Adams,* 180 *U. S.* 28, 21 *S. Ct.* 251, 45 *L. Ed.* 410. The complainant does not deny this. But he argues that as the defendants did not demur or plead to the bill on the ground of its failure to allege the facts necessary to show his right to act in a vicarious capacity for the corporation, it is too late at a hearing on the merits to raise the objection. If the evidence revealed facts which supplied the omissions of allegation of which the bill is guilty, I am of the opinion that the objection to the defective pleading would come too late. *Lowman v. Harvey R. Pierce Co.,* 276 *Pa.* 382, 120 *A.* 404, and *Granite Brick Co. v. Titus,* (*C. C. A.*) 226 *F.* 557, cited by the complainant. The case of *Wood v. Union Gospel Church Building Association,* 63 *Wis.* 9, 22 *N. W.* 756, which the complainant cites is governed by a statute; and the case of *Illinois Central R. R. Co. v. Adams, supra,* cited by the complainant does not appear to me to pass on the question with which this case is concerned.

In *Robinson v. West Virginia Loan Co., (C. C.)* 90 *F.* 770, apparently after answer filed and after a receiver was appointed, the court discharged the receiver and dismissed the bill for the reason, among others, that it did not appear that there had been a demand upon and refusal by the corporation, or that a situation existed where such demand and refusal were manifestly unnecessary. In *Dickinson, et al., v. Consolidated Traction Co., (C. C.)* 114 *F.* 232, after bill, answer and the taking of testimony, the court on final hearing dismissed the bill for the reason, *inter alia,* that the bill failed to allege that the suit was not a collusive one, as required by the then existing *Equity Rule* 94 of the Federal courts. The court went so far as to refuse leave to amend by supplying the defect. Whether the court was right in denying the requested leave, the appellate court declined to pass upon. See *Id. (C. C. A.)* 119 *F.* 871.

The necessity of the stockholder's showing that the corporation cannot secure relief except through the gratuitous assumption by him of its championship, is what imposes upon him the requirement that appropriate allegations shall be made in his bill of facts upon which the court can see the basis on which that necessity rests. They are very material allegations. Being material to allege, they are material to prove, unless admitted; and if they are neither proved nor admitted, the bill should be dismissed even after answer has been filed and the cause has gone to final hearing. *Hagood v. Smith, et al.,* 162 *Ala.* 512, 50 *So.* 374.

Now in the instant case the evidence is as deficient as are the allegations. So far as appears, the complainant has no right whatever to maintain the bill. His solicitor, when the objection was made, preferred a request for leave to amend. When asked if as a matter of fact there had been a demand upon and a refusal by the corporation, or if there were excusing circumstances, my recollection is that he replied in the negative. Lest my recollection in this regard be at fault, the solicitor for the complainant is now advised

that if he desires to amend his bill so as to lay the basis of allegations for the offer of evidence upon the question, leave to that end will be granted and the hearing will be opened to receive evidence in case the new allegations are denied. The cause having proceeded as far as it has, it does not seem to be in the interest either of expedition or economy in litigation to put the complainant out of court because of a deficiency of allegations in the particular referred to. The court in *Dickinson, et al., v. Consolidated Traction Co., supra,* appears to me to have been too strict in denying leave to amend.

Unless the complainant obtains leave to amend his bill so as to meet the objection on or before a designated day, the bill will be dismissed.