MILTON C. ESHLEMAN, S. A. SEALS, and GEORGE E. JAMES, JR.,

*vs.*

ROBERT KEENAN, RUSSELL P. BREWER, JULIA A. BREWER, HARVEY W. MARVIN, HARVEY D. RITTER, SANITARY COMPANY OF AMERICA, a Delaware corporation, and WILLIAM S. POTTER, Receiver of CONSOLIDATED MANAGEMENT ASSOCIATION, a Delaware corporation.

*New Castle, July 7, 1937.*

*William Prickett,* for complainants.

*Ivan Culbertson,* for defendants, except William S. Potter, Receiver.

*William S. Potter,* receiver, *in propria persona.*

THE CHANCELLOR: In the former opinion, after the duty of Keenan, Brewer and Marvin to account was declared, the following language was used:

"At the outset of this opinion reasons were stated why the defense of ratification would not be allowed in bar of the bill. Whether ratification and therefore approval by a majority of the stockholders, while not sufficient to bar a remedy to the minority, may nevertheless be shown for the purpose of confining the relief of the decree to the dissentients only, is a question which the proposed supplement to the answer did not present. If the company was solvent and its capital unimpaired, it may be seriously questioned whether restitution should be awarded beyond an amount sufficient to redress the injury to the non-assenting minority only. See *Matthews v. Headley Chocolate Co.,* 130 *Md.* 523, 100 *A.* 645. This question has not, however, been debated either at the bar or on the briefs. The court in its desire to see justice done is prepared, if the responsible defendants desire, to entertain the question and, if the answer of the law thereto be in their favor, to permit the pleadings to be so shaped as to bring it forward. Views of the solicitors with respect to this aspect of the case may be presented, if desired, before a draft of the decree is submitted."

The query propounded by that paragraph has now been presented to the court for its considered answer thereto.

The company is solvent and its capital unimpaired. It was so at the times when the wrongs complained against were committed. The defendants wish to show that an

overwhelming majority of the preferred stockholders have voted, since the evidence was taken in this case, to release and discharge the principal defendants from accountability for the matters charged against them. This is for the present purpose of supplying a basis for the contention that only such amount should be decreed to be paid as is necessary to compensate those stockholders who did not join in the vote of release and discharge—in other words, that the relief afforded should go to the complainants and others in like situation with them as individuals, and not to the corporation.

The question then is, should the defendants pay to the corporation the full amount of restitution, or should they only pay to the complainants individually the pro rata amount of the recoverable sum which the proportion of their shares bears to the total number of shares outstanding?

The bill is one that the complainants filed in behalf of the corporation. The suit is a derivative one. The relief sought is redress of a wrong to the corporation. Nothing is prayed for by way of relief to the complainants as individuals. The nature of such a suit is discussed in *Cantor, et al., v. Sachs, et al.,* 18 *Del. Ch.* 359, 162 *A.* 73. In *Ainscow v. Sanitary Company of America,* 21 *Del. Ch.* 35, 180 *A.* 614, 615, it was said, following *Cantor v. Sachs, supra,* that

"Any relief which may be afforded is in its [the corporation's] behalf and inures to its benefit. The complainant as a stockholder is interested in the alleged wrong and in the relief only in an indirect and derivative sense."

If, therefore, the recoverable amount is to be reduced to a sum sufficient to recompense only the non-waiving stockholders and decreed to be paid to such of them as come forward to assert their respective claims, it is apparent that the suit is immediately turned by the decree from one which asserts a corporate claim to one that seeks individual redress.

The only theory upon which this can be justified is that as the corporation's claim against the officers is a part of its assets, and that as the assets are derivatively the property of the stockholders, it must follow in this case that if the complainants and others in like situation with them get paid their part of the recovery, they are fully compensated for their part of the corporation's loss, and consequently the injury to them is fully repaired.

If this view be accepted, a moment's reflection will show that it treats the recovery as an asset available for dividends. It means further that the court entertains the view that the asset should be paid out immediately as a dividend; and as some stockholders have by their votes in favor of abandoning the claims against the wrongdoers waived their rights to their part of the dividend, payment of the dividend should be ordered only to the stockholders who have not so waived their rights.

This is the only theory capable of advance in support of the defendants' contention, if the conception of the suit as one that seeks a recovery of a corporate claim is adhered to. That conception must in justice to corporations in such cases as this be adhered to. Yet, if individual stockholders may sue to recover individual compensation for wrongs that derive to them through the corporation, on the conception that the allowance of recovery is tantamount to a dividend declaration, it would, contrary to the settled general rule, be taking from the directors of the corporation, whom the law considers as responsible for its policy and management, the discretionary duty of determining when and in what amount the corporation may prudently distribute its assets by way of dividends to the stockholders. *Baille v. Columbia Gold Mining Co.*, 86 *Or.* 1, 166 *P.* 965, 167 *P.* 1167. The solicitor for the defendants cites *Fougeray v. Cord*, 50 *N. J. Eq.* 185, 24 *A.* 499, for the proposition that it is proper in this case for the court by the terms of its decree to effect in substance a declaration of a dividend to the complainants

of their share of the corporation's recoverable claim against the defendants. The facts in the cited case are much stronger in favor of the defendants' contention than are the facts here. But even so, the cited case was reversed by the Court of Errors of New Jersey on the very point for which the defendants cite it. *Laurel Springs Land Co. v. Fougeray,* 50 *N. J. Eq.* 756, 26 *A.* 886. See, also, *South Norfolk Land Co. v. Tebault,* 124 *Va.* 667, 98 *S. E.* 679. The defendants cite also *Eaton v. Robinson,* 19 *R. I.* 146, 31 *A.* 1058, 32 *A.* 339, 29 *L. R. A.* 100, to support the same proposition as *Fougeray v. Cord* stands for before its reversal. With respect to the Rhode Island case this is to be said— first its prayers were such as to warrant the view that the bill could be treated as one for the declaration of a dividend to the complainant, and so far as the report shows the evidence may have justified a decree of that nature, a circumstance which it cannot be said the evidence here justifies; and second, the Rhode Island court relies entirely on *Fougeray v. Cord, supra,* unaware apparently that that case had been reversed.

If the case were one where the corporation had ceased to operate, its controlling stockholder had converted all of its assets and it was denuded of all of its property, it might be that the minority stockholders would be entitled to a decree against the culpable officer for payment to them of their equitable share of the assets which the defendant had in his possession. *Dill v. Johnston,* 72 *Okl.* 149, 179 *P.* 608. There is no suggestion, however, by the complainants in this case, and certainly none by the defendants, that Sanitary Company of America is a defunct corporation whose total assets have been converted and are in the possession of the defendant officers. Quite to the contrary, it is a going concern conducting what appears to be a profitable business.

That courts have the power in proper cases to compel the directors to declare a dividend, is sustained by respect-

able authorities. But that they should do so on a mere showing that an asset exists from which a dividend may be declared, has never, I dare say, been asserted anywhere. In such a case the court acts only after a demonstration that the corporation's affairs are in a condition justifying the declaration of the dividend as a matter of prudent business management and that the withholding of it is explicable only on the theory of an oppressive or fraudulent abuse of discretion.

Sanitary Company of America is a going concern and there is no showing that its affairs are in such condition that the court can say that the directors, if the full amount of the decreed recovery were paid to it, ought to pay out the same immediately to the stockholders. The bill does not present a case that would permit of an examination into the considerations and motives that might influence the directors in determining a question of dividends. Yet if the benefit of the decree should run in favor of the complainants and other non-assenters, as the defendants suggest, this court would necessarily be assuming to say that the amount of the recovery is not needed by the corporation for the conduct of its business and that the circumstances of its affairs are such that the directors should be compelled to make an immediate distribution of the amount as a dividend.

If the complainants had sued to recover for the wrongs they individually suffered, and sought redress, not for the corporation, but solely for themselves, it has been held they would have had no right to maintain their suit. *Beeber v. Wilson,* 285 *Pa.* 312, 131 *A.* 854. Where the suit is a derivative one to recover a cause of action belonging to the corporation, it is improper for the decree to be so framed as in effect to turn it into one for the complainant's individual relief. *Ebling v. Nekarda,* 148 *App. Div.* 193, 132 *N, Y. S.* 309; *Baillie v. Columbia Gold Mining Co., supra; Landis v. Sea Isle City Hotel Co.,* (*Err. & App.*) 53 *N. J. Eq.* 654,

33 *A.* 964; *Harris v. Pearsall,* 116 *Misc.* 366, 190 *N. Y. S.* 61, 75, 76.

But even conceding that it would be proper as a matter of procedure for the theory underlying the decree to diverge so pronouncedly from the theory of relief underlying the case as made by the bill, yet I am of the opinion that under the facts of this case such divergence in the decree should not be permitted. It is to be observed that it is not the complainants who are seeking their individual compensation. It is the defendants who are seeking to force the complainants to receive the individual recompense. The complainants are insisting that their corporation shall have returned to it the money which the defendants wrongfully took; and there is no showing which would justify this court in saying that the corporation does not need the money or that, if it had it, its business would be in such a condition that prudence in the conduct of its affairs would suggest, and justice to its stockholders would demand, that the money be paid out immediately as a dividend. If the money is paid to the corporation and a dividend covering the amount is in the exercise of the honest judgment of the directors thereafter declared, those stockholders who have assumed to acquit the defendants from liability might, if they are so disposed, consent that the defendant shall receive the portion of the recovery so declared to them as a dividend. That is the only practical way in which their desire to relieve the defendants from their burden of liability can be expressed. See *Harris v. Pearsall, supra,* at *page* 77 of the report of the case in 190 *N. Y. S.*

In *Baillie v. Columbia Gold Mining Co.,* 86 *Or.* 1, 166 *P.* 965, 167 *P.* 1167, before cited, it was held that unless the case was one where the court could say that the powers of the directors will be abused to the injury of the complaining stockholders and that the circumstances clearly call for the declaration of a dividend, a decree is erroneous which

awards to a minority stockholder his aliquot share of a recoverable claim which the corporation has against its officers, notwithstanding the officers own all the stock other than that owned by the complainant.

The defendants rely with great confidence on *Matthews v. Headley Chocolate Co.*, 130 *Md.* 523, 100 *A.* 645, which is the case that gave rise to the query propounded by this court in its prior opinion, 21 *Del. Ch.* 259, 187 *A.* 25. The fact situation in that case is quite different from that found in the instant case. The difference is one that quite markedly distinguishes it from this one. It is this—in the *Matthews Case,* the wrong-doing officers owned seventy-five per cent of the corporation's stock. Control of the corporation was sold to new interests who purchased presumably 351 shares, a majority, from the former officers. The court assumed that they paid $35,100.00 for this control. If the former officers had been required to pay to the corporation the full amount of the recoverable claim against them, the court pointed out that the purchasers' participation in the recovery would exceed the price they had paid for their stock by about $11,000.00. Now as the purchasers had gotten exactly what they paid for, it did not seem equitable to the court that they should by indirection receive back from their vendors the entire purchase price and $11,000.00 in addition. If the officers who had taken the exorbitant salaries had continued to be stockholders the decree might well have been different.

No such situation exists in this case as in the Maryland case. The Maryland court relied on the case of *Brown v. De Young,* 167 *Ill.* 549, 47 *N. E.* 863, 866, in support of the view that the decree should afford relief to the minority stockholders only. The defendants here rely also on that case in support of their contention that a decree of like kind should be entered in this cause. In *Brown v. De Young,* a decree awarding the entire recovery to the corporation would have indirectly compensated a large stock interest

owned by Houston, who was not a defendant, "by whose participation and acquiescence the very inequity complained of was committed." That is not the case here, for if it cannot be said that any one among those whose participation and acquiescence contributed to the wrong will share in the proceeds of its correction, except as the paying defendants themselves own stock in the corporation. They of course will share in the recovery to the extent that they own stock. That, however, is a mere incident to the ownership of stock, and so is unobjectionable. It amounts to their reimbursing themselves. The stockholders in the present case whom the defendants would exclude as indirect beneficiaries took no part in the acts complained against. The most they have done is to say, by their votes at a meeting convened after it was fairly evident that the case against the defendants was probably going to result in a recovery, that they did not want the corporation to be benefited regardless of its needs or prudential necessities. That is the only just interpretation which is to be put on their votes in favor of ratifying, approving and confirming the acts of the directors in respect to the matters complained against in this suit. The case, then, does not come within the principle of either *Matthews v. Headley Chocolate Co., supra,* in Maryland, or *Brown v. De Young, supra,* in Illinois. With respect to *Brown v. De Young,* it is to be noted further that the Illinois Supreme Court refused to approve a decree similar to the one entered in that case, in *Voorhees v. Mason,* 245 *Ill.* 256, 265, 91 *N. E.* 1056. In *Avery v. Central Bank of Kansas City,* 221 *Mo.* 71, 119 *S. W.* 1106, 1112, it was said that *Brown v. De Young, supra,* "rides off on a peculiar state of facts."

The defendants cite a group of cases which I shall not pause to review which hold that where a stockholder had acquiesced in the wrongs complained of, he will not be heard to object in behalf of the corporation in a suit to repair those wrongs. Those cases, however, do not appear

to me to be pertinent to the present controversy. While such a stockholder may be estopped from filing a suit in behalf of the corporation, the fact that he may reap indirect benefit from a derivative suit filed by another stockholder who is under no estoppel, will have no adverse effect upon the suit by the latter. *Morawitz on Corporations*, (2d *Ed.*) §§ 262, 272.

The decree should adjudge the corporation to be entitled to restitution in the amount indicated in the prior opinion.