SAMUEL MOSKOWITZ,
Appellant,

*vs.*

MYRON A. BANTRELL, PAUL FUSSELL, RALPH M. HANEY, LEON A.
KAHN, HAROLD W. SANDERS,
Defendants Below,

and

FILTROL CORPORATION,
Appellees.

No. 741962.

*Supreme Court, On Appeal, April 19, 1963.*

*Russell J. Willard, Jr.,* of Hastings, Taylor & Willard, Wilmington, and *Frank Weinstein,* New York City, for appellant.

*William S. Potter* and *Blaine T. Phillips,* of Berl, Potter & Anderson, Wilmington, for appellee, Filtrol Corp.

SOUTHERLAND, Chief Justice and WOLCOTT and TERRY, JJ., sitting.

SOUTHERLAND, Chief Justice: This is a stockholder's suit to compel the declaration of a dividend. It was heard by the Vice Chancellor upon the pleadings, the defendant corporation's motion to dismiss, and affidavits. The Vice Chancellor properly treated the motion as in effect one for summary judgment. He dismissed the complaint on the merits. The stockholder appeals.

Filtrol is a major producer of petroleum cracking-catalysts used by petroleum refiners for the production of high-octane gasoline. It also produces other substances used for refining and drying purposes. Its capital structure consists of 1,312,332 shares of common stock. Plaintiff is the owner of record of 25 shares, acquired in 1958.

Filtrol's fixed assets consist of three manufacturing plants, a processing plant, and clay mining properties from which its raw materials are drawn. It is a wasting-asset corporation.

Its operations have been profitable and over a period of years it has accumulated a very large earned surplus. The book value of its physical properties (after depreciation and amortization) is $4,606,000; whereas, its earned surplus as of September 30, 1961 was $25,501,000. This sum is largely invested in short term tax-exempt bonds and government securities.

As above stated the stockholder seeks to compel the declaration of a dividend. He charges:

(1) That the earnings have been permitted to accumulate beyond the reasonable needs of the business of the corporation, and are not needed for the operation of the business or its reasonably anticipated needs;

(2) That such earnings will be subject to the accumulated earnings tax (§§ 531-537, *U.S.I.R. Code* of 1954);

(3) That the action of the directors in refusing to distribute such accumulated income to the stockholders is arbitrary and is in violation of their fiduciary duties.

The complaint asks for an order directing the distribution to stockholders of such part of the earned surplus as the court may feel to be unnecessary in the operations of Filtrol's business.

The principle of law applicable to the relief sought is well settled. Before a court will interfere with the judgment of the Board of Directors, fraud or gross abuse of discretion must be shown. *Bryan v. Aikin,* 10 *Del.Ch.* 1, 82 *A.* 817; *Eshleman v. Keenan,* 22 *Del.Ch.* 82, 194 *A.* 40; *Treves v. Menzies,* 37 *Del.Ch.* 330, 142 *A.2d* 520; 11 *Fletcher Cyc. Corporations,* § 5325. In the *Eshleman* case Chancellor Wolcott, recognizing the court's power to compel the declaration of a dividend, said:

"* * * the court acts only after a demonstration that the corporation's affairs are in a condition justifying the declaration of a dividend as a matter of prudent business management and that the withholding of it is explicable only on the theory of an oppressive or fraudulent abuse of discretion." 22 *Del.Ch.* 88, 194 *A.* 43.

■ What has plaintiff shown to justify a finding of such an abuse?

The asserted liability to the accumulated earnings tax is clearly without merit. The tax is levied on the corporation's "accumulated *taxable* income", which is the net taxable income *after* payment of Federal income tax. It is shown that for the years 1958-1961 (the only years still open for audit) the dividends paid substantially exceeded such income. We do not understand this contention to be insisted upon; at all events we think that it cannot be sustained.

Upon the issue of the arbitrary withholding of dividends, defendant has filed the affidavit of Myron A. Bantrell, its president. The financial data set forth show the following approximate totals for the period 1952-1961:

| | |
|---|---|
| Net income | $34,211,000 |
| Dividends paid | 18,266,000 |
| New plant and property | 13,697,000 |
| Research and development | 5,162,000 |

These figures show an excess of expenditures over income of $2,914,000. They also show that the accumulated surplus represents funds available by reason of the statutory percentage depletion, and depreciation and amortization.

The affidavit further avers that Filtrol's sales have declined from $21,434,000 in 1955 to $13,437,000 in 1961, because of various reasons which suggest the necessity for the corporation to maintain a highly liquid position to meet new problems in a developing industry.

Finally, the president states that the company presently has under way new projects at a cost of $7,000,000 to be required within two years; that a potash project under study may involve the expenditure of from $25,000,000 to $40,000,000; and that there is under investigation a new petrochemical operation that may involve an investment of approximately $20,000,000.

These allegations, if accepted, are a decisive answer to plaintiff's case.

Plaintiff challenges the figures respecting the asserted excess of expenditures over net income for the period 1952-1961. He asserts that some of the expenditures referred to had already been deducted to arrive at net earnings, and that the other expenditures were largely financed out of depreciation and amortization. Even so, the record clearly negatives any supposed oppressive or fraudulent withholding of dividends.

Plaintiff also challenges the president's forecast of possible uses for the surplus. It is said that nothing definite is shown with respect to "the nature of the projects, the status of the negotiations, and so forth." Plaintiff cites several cases arising under the Federal accumulated earnings tax, holding that to escape the finding of unreasonable accumulation the corporation must show more than a mere intention. This is not a case under the act, and the holdings are not in point.

Plaintiff makes much of the fact that Mr. Bantrell is in a very high income tax bracket, and hence has a strong motive to prevent an increase of dividends. This is a relevant circumstance, but it is far from conclusive, and in this case it is not persuasive.

Finally, plaintiff says that the president is an interested witness and his affidavit must not be accepted as establishing facts for the purpose of a motion for summary judgment, citing *Sartor v. Arkansas Natural Gas Corporation*, 321 *U.S.* 620, 64 *S.Ct.* 724, 88 *L.Ed.* 967. This decision holds that the credibility of an interested affiant presents in itself a question of fact for the jury preventing summary judgment. We are unwilling to adopt so broad a rule in our practice. Moreover, there can be no dispute about the financial data in the affidavit, the plaintiff's criticisms being limited to its interpretation.

Plaintiff's attack on the Bantrell affidavit points up what we think is the basic weakness in his case. Filtrol is a wasting-asset corporation. What is more natural than for such a corporation to set aside out of the liberal tax savings permitted to such corporations, substantial sums for possible future development? And the decision

of how much to set aside is for the Board of Directors, not for a court.

We are of the opinion that plaintiff has failed to show any oppressive or fraudulent abuse of discretion in the actions of the directors respecting the earned surplus.

Plaintiff makes two other points.

First, he says he had no opportunity to inspect Filtrol's books and records. It is enough to say that the court never denied him discovery. He served two motions of this sort. He withdrew the first and continued the other until after the argument. He has nothing to complain of here.

Second, he says that after the decision against him on the merits, he asked for leave to amend and the court denied it. He invokes the principle that the courts will not deprive a litigant of his day in court because of the technical insufficiency of his complaint.

His complaint was dismissed on the merits, after a full hearing on affidavits, not for technical insufficiency. Plaintiff had the opportunity to bring into the case, by affidavit or amendment, before the hearing on the motion, any pertinent facts that he could marshal. And he could, if he had desired, have pursued his discovery motions before the argument.

The Vice Chancellor did not abuse his discretion in refusing to allow an amendment.

The judgment of the Court of Chancery is affirmed.