Bryna STEPAK, Plaintiff,

v.

Bob R. DEAN, John B. Tuthill, A. L. Lockhart and Pioneer Texas Corporation, Defendants.

Court of Chancery of Delaware, New Castle County.

Submitted May 13, 1981.

Decided July 8, 1981.

Joseph A. Rosenthal of Morris & Rosenthal, Wilmington and Kreindler & Kreindler, New York City, for plaintiff.

Richard D. Allen of Morris, Nichols, Arsht & Tunnell, Wilmington and Haynes & Boone, Dallas, Tex., for defendants.

MARVEL, Chancellor:

The primary matter now before the Court for decision in this action is the motion of the defendants Dean, Lockhart and Pioneer Texas Corporation,[1] the latter being the entity on whose alleged behalf the action is brought, to dismiss the complaint for its alleged failure to state that a prior demand was made on the board of directors of the corporate defendant for correction of the matters complained of, or that the reasons for not making such a demand, namely that demand would have been futile, have not been pleaded with sufficient particularity, reliance for the granting of the relief sought being allegedly found in Chancery Court Rules 12(b)(6) and 23.1.

The defendant Tuthill, relying on the provisions of Rule 12(b)(6), has also moved to dismiss the complaint or alternatively for summary judgment in his favor as to the first, second and fourth claims of the complaint on the ground that the claims therein made against him fail to state a claim upon which relief can be granted.

This derivative action filed by Bryna Stepak, a shareholder of Pioneer Texas Corporation, on November 19, 1980, seeks relief in connection with four different corporate transactions allegedly affecting the corporate defendant in an adverse manner, which transactions occurred over a period of approximately one and one-half years, the first claim having to do with the acquisition by Pioneer Texas of the outstanding stock of Terrell, Inc., as well as of TAD Corporation on September 4, 1980. The second claim is concerned with the sale by Pioneer Texas of part of the inventory of a subsidiary. The third claim arises out of the sale and lease-back of a building during the year ending May 31, 1980, while the fourth claim complains of the compensation paid to the defendants Dean and Lockhart for the year ending May 31, 1980. Plaintiff has agreed to the dismissal of the first and second claims as to the defendant Tuthill but opposes the balance of defendants' motion.

The complaint alleges that the defendants Dean, Tuthill and Lockhart are and at all times here relevant were officers and directors of Pioneer Texas and that Dean at all times here relevant controlled the board of directors of such corporate defendant.

Plaintiff admits that no demand was made upon the directors of Pioneer Texas prior to her filing of this action, but contends that a demand would have been futile because it would have required certain of the defendants to sue themselves and would have placed prosecution of this action in hostile hands inasmuch as the defendant Dean, as noted above, allegedly dominates and controls the board of directors of Pioneer and so dominated the board at all times here relevant.

Defendants, as noted above, seek dismissal of this action on the ground of plaintiff's alleged failure to make a demand on the corporation for correction of the acts complained of and the absence of any valid reason which would excuse the making of such a demand.

---

1. This being a derivative action, it would appear that the corporate defendant should be independently represented.

Rule 23.1 of the Chancery Court Rules provides in relevant part that:

"In a derivative action brought by one or more shareholders or members to enforce a right of a corporation. . . . [T]he complaint shall. . . allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and the reasons for his failure to obtain the action or for not making the effort."

First of all, it is clear that the right of a stockholder to bring a derivative action does not come into being until he has made a demand on the corporation to institute such an action, that such demand has been refused, or until the plaintiff stockholder has demonstrated that such a demand would have been futile, *Maldonado v. Flynn*, Del.Ch., 413 A.2d 1251 (1980), and *Ainscow v. Sanitary Co. of America*, Del. Ch., 180 A. 614 (1935).

In *Sohland v. Baker*, Del.Supr., 141 A. 277, 281–82 (1927) the Court noted that a demand may be excused when

". . . . . the directors, whether by reason of hostile interest, or guilty participation in the wrongs complained of, can not be expected to institute a corporate suit, or where even if they did institute such a suit, it is apparent that they would not be the proper persons to conduct the litigation incident thereto."

Moreover, " * * * the futility of making the demand required by Rule 23.1 must be gauged at the time the derivative action is commenced, not afterward with the benefit of hindsight.", *Cramer v. General Tel. & Electronics Corp.*, (CA 3) 582 F.2d 259, 276 (1978).

Plaintiff admittedly made no demand on the board of directors of Pioneer Texas for correction of the matters complained of prior to bringing suit. Accordingly, in order to be allowed to maintain this action, she now has the burden of stating with particularity the reasons for not having made such a prior demand, a conclusory allegation of control being insufficient as a matter of law to excuse failure to make demand on the corporation, *In re Kauffman Mutual Fund Actions* (CA 1), 479 F.2d 257 (1973).

Plaintiff's first reason for not having made a demand on the corporate defendant was that such a demand, had it been acted on favorably, would have required the directors to sue themselves. However, when this action was filed the directors of Pioneer Texas were Stanley, Rawlins and Lockhart and only the latter has been named a defendant in this action. Thus, a majority of the board of directors at the time of the bringing of this action was not named as defendants to this action.

Plaintiff, however, relies on the case of *Heit v. Baird*, (CA 1) 567 F.2d 1157 (1977) for the proposition that she need only demonstrate that a majority of the board at the time of bringing her action was so implicated in the acts complained of as to make a demand for redress futile. However, not only does the complaint fail to allege that Rawlins and Stanley were implicated in any way in the matters complained of but fails to mention them at all.

Plaintiff's second reason for not having made a demand on the corporate defendant for rectification of the matters complained of is that it would have been futile because of the alleged domination and control exercised over the Board by the defendant Dean. However, when this action was filed, Dean was not a corporate director. Furthermore, the complaint contains only a conclusory allegation as to control by the defendant Dean, failing to furnish supporting facts. Demand on the corporation in such a situation cannot be excused. See *In re Vernars v. Young*, (CA 3), 539 F.2d 966, 968 (1976) in which the Court stated that the issue of corporate control is a factual matter and that:

". . . . there is no reason why a plaintiff cannot assert the facts from which it is believed an inference of control could be drawn. Indeed, this must be done under Rule 23.1. . . . "

In *Greenspun v. Del. E. Webb Corp.*, (CA 9) Cir., 634 F.2d 1204, 1208 (1980), the Court adopted the court's ruling in *In re Kauffman Mutual Fund Actions*, supra, to the

effect that a bare allegation of control without factual support cannot excuse demand since the required particularity in pleading is absent. Compare *Weiss v. Temporary Investment Fund, Inc. et al., Dist. of Del.*, C.A., 516 F.Supp. 665, 1981.

Plaintiff, however, persists in relying on the case of *In re Kauffman Mutual Fund Actions*, supra, contending that where self-interested, affiliated director-defendants make up a majority of the board, sufficient particularity is thus demonstrated from which a conclusion of control follows. However, this argument carries no weight in this case since only one of the three members of the board at the times here relevant was a director-defendant of the corporation defendant.[2]

The Court, therefore, concludes that the reasons relied on by the plaintiff for not having made a demand on the board of directors of Pioneer Texas before instituting this suit are not sufficient under the provisions of Rule 23.1 to excuse the failure to make such demand. Insofar as the complaint against the defendant Tuthill is concerned, who has not been a director since December 1, 1979, it appears that he was not a corporate director at the time of the matters complained of in plaintiff's fourth claim. Consequently her complaint must be dismissed in toto.

On notice, a form of order in conformity with the above may be submitted.

**2.** During the period here relevant the composition of the Pioneer Texas board was as follows:

| | |
|---|---|
| Prior to December 6, 1979 | – Tuthill, Pink, Dean, Lockhart and Stanley |
| December 6, 1979 to September 9, 1980 | – Dean, Lockhart and Stanley |
| September 9, 1980 to December 10, 1980 | – Lockhart, Stanley and Rawlins |
| December 10, 1980 to Present | – Lockhart, Rawlins and Dean |