# Hagood *v.* Smith, *et al.*

## *Bill for Accounting.*

(Decided June 30, 1909. 50 South. 374.)

1. *Corporations; Corporate Wrong; Action by Stockholders; Rights.*—Actions to redress wrongs committed against corporations or for money due it from its offices must be brought in the name of the corporation, and the stockholder cannot sue in his own name in such cases unless he shows that he has done all that he can do to obtain redress within the corporation itself, and having failed with the officers thereof that he has applied without avail to the stockholders as a body.

2. *Same.*—A bill by a stockholder suing a corporation and its officers for an accounting for moneys received by an officer for the corporation, which shows only that complainant's wife and the wife of the officer are sisters, and that they and some of their nephews and nieces are owners of the stock, does not show such an excuse for not applying to the stockholders as a body for redress of the wrongs complained of, is not sufficient in that aspect, and justifies the denial of the relief sought.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by Rufus H. Hagood against Thomas S. Smith and another for an accounting, and to recover of Smith, an officer, money alleged to be due the corporation. From a decree denying the relief and dismissing the bill, complainant appeals. Affirmed.

W. C. WARD, for appellant. The appellant was entitled to maintain the bill.—*Montgomery T. Co. et al. v. Harmon*, 140 Ala. 505; *Minor v. Belle Isle Co.*, 17 L. R. A. 412; *Tillis v. Brown*, 45 South. 588; Cook on Stock & Stockholders, 740. As to how directors must meet and act see.—7 Thomp. on Corp. secs. 8473 and 8476; 79 Fed. Rep. 469. An officer of a corporation cannot claim a bonus.—*Perry v. Tuscaloosa Oil Co.*, 93 Ala. 370; *Lagarde v. Anniston L. & C. Co.*, 126 Ala. 496; *Mobile*

[Hagood v. Smith, et al.]

*L. I. Co. v. Glass,* 142 Ala. 520; *Tillis v. Brown, supra:* Cook on Stock & Stockholders, sec. 657.

FRANK W. SMITH, TILLMAN, GRUBB, BRADLEY & MORROW, and M. M. BALDWIN, for appellee. No discovery is sought by the bill, and it fails to make out a case for an accounting.—Pom. Eq. Sec. 132; *Rust v. Electric Co.,* 96 Ala. 298; *Dargan v. Hewlett,* 115 Ala. 510; *Pollack v. Claflin & Co.,* 138 Ala. 644; *Oden v. Lockwood,* 136 Ala. 514. The appellant showed no right to file the bill in his own name. 1st, because no sufficient excuse is shown for a failure of the corporation or stockholders to do so.—*Johns v. McLester,* 137 Ala. 283; *Montgomery T. Co. v. Lahey,* 121 Ala. 131; *Steiner v. Carson,* 103 Ala. 215; *1st. Nat. Bank v. Morgne,* 128 Ala. 157; *M. & P. Line v. Waggoner,* 71 Ala. 583. 2nd, appellant is not shown to be a stockholder or beneficially interested. Counsel discuss other matters not necessary to be set out.

DENSON, J.—This was a bill filed by Rufus H. Hagood, as the owner of stock in a private corporation, against the corporation and Thomas H. Smith, who is alleged to be the secretary and treasurer of the corporation, to compel an accounting by Smith of certain moneys alleged to have been received by him from the sale of certain lands owned by the corporation, and which the corporation authorized him to sell. Upon the final submission of the cause on bill and answer, motion to dismiss the bill for the want of equity was made, and upon the proof the chancellor decreed that the complainant was not entitled to relief and dismissed the bill.

Ordinarily actions must be brought in the name of the corporation for the redress of wrongs committed against it, or for money due to it by its officers or by

other persons; or, to put the proposition differently, before a stockholder can maintain a suit in his own name against the corporation of which he is a member aud an officer of such corporation for money belonging to the corporation and which has been converted to the officer's use, he must show that he has done all in his power to obtain, within the corporation itself, redress of the wrongs complained of, that he has made an honest effort to get the governing body of the corporation to remedy the wrong, and, failing with them, that he then applied to the stockholders as a body to take action towards redressing the grievances complained of, without avail.— *Montgomery, etc., Co. v. Lahey,* 121 Ala. 131, 25 South. 1006; *Montgomery Traction Co. v. Harmon,* 140 Ala. 505, 37 South. 371; *Tillis v. Brown,* 154 Ala. 403, 45 South. 589, and cases there cited.

The bill explicitly avers an application by the complainant to the directory of the corporation, and a refusal by that board to act, and it may be conceded that the proof supports these allegations. The bill then undertakes to aver an excuse for not applying to the stockholders; but the court is of the opinion that the averments in this respect would be subject to the criticism (if it had been made) that they are merely a statement of the opinion of the pleader—even conceding that the matter referred to in the averments, if properly pleaded, could be made the predicate for an excuse for not applying to the stockholders. But the bill was not demurred to.—*L. & N. R. R. v. Neal,* 128 Ala. 149, 29 South. 865. Nevertheless, proof, unless the excuse be admitted in the answer (which is not the case here), to make out a case entitled the complainant to relief, is as essential as the averment of excuse; and the extent of the proof in this respect, shown by the record, is complainant's wife and respondent Smith's wife are sisters, and they and some

[Harrison v. Rodgers, et al.]

of their nephews and neices are owners of the stock of the corporation. We do not think that this can be said to sustain the averment that an application to the stockholders to bring the suit in the name of the corporation would have resulted in failure or have been in vain. At any rate, the chancellor was warranted in holding that it cannot, and his decree denying relief to the complainant should be affirmed.

Other reasons might be given in support of the decree, but the considerations adverted to are deemed sufficient.

Affirmed.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.