296 So.2d 166

**Rudolph John REZNER et al.**

**v.**

**FAIRHOPE SINGLE TAX CORPORATION, a corporation, et al.**

**SC 782.**

Supreme Court of Alabama.

May 30, 1974.

Kenneth Cooper, Bay Minette, for appellants.

Chason, Stone & Chason, and Charles C. Partin, III, Bay Minette, for appellees.

BLOODWORTH, Justice.

Complainants, all lessees of respondent corporation, filed a bill of complaint in the circuit court of Baldwin County against Fairhope.Single Tax Corporation and certain of its officers seeking to dissolve the corporation, or, in the alternative, to enjoin the corporation, its officers, board of directors and members from fixing rents on complainants' leases on any basis other than the actual value of the land exclusive of improvements, from devoting any of the rents to purposes other than those mutually beneficial to all of the lessees, and from paying any taxes on the corporation's unrented and unproductive lands from complainants' rents. Respondents' demurrer to the original bill of complaint was sustained. [This ruling was prior to the effective date of the new Alabama Rules of Civil Procedure.] Whereupon, complainants amended their complaint, adding three additional paragraphs. [The amendment came after the effective date of the new rules]. Respondents then filed a motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted. [Rule 12(b)(6) A.R.C.P.] The trial court granted the motion, dismissing the cause and taxing costs to complainants. Complainants appeal. We affirm.

In their first assignment of error, complaints contend that the trial court erred in sustaining respondents' demurrer to the original complaint. This Court has theretofore held that where a demurrer to a complaint is sustained and the complaint is later amended and a demurrer sustained to the amended complaint, and a nonsuit taken, the action of the trial court in sustaining the demurrer to the original complaint is not before this Court for review. Thus, this assignment of error is without merit. Kent v. Coleman Company, Inc. et al., 285 Ala. 288, 231 So.2d 321 (1970);

Whatley v. Alabama Dry Dock and Ship-building Company, 279 Ala. 403, 186 So.2d 117 (1966).

■ In assignments of error 2. and 3., complainants insist that the trial court erred in granting respondents' motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted. Complainants argue that paragraph 10 of the amended bill of complaint does state a claim upon which relief can be granted. Paragraph 10 reads as follows:

"10. The Fairhope Single Tax Corporation, a Corporation, has wholly failed the purposes for which it was organized, as set forth in its DECLARATION OF INCORPORATION OF FAIRHOPE SINGLE TAX CORPORATION, as set forth in paragraph 3 therein (see Exhibit "B" to original complaint herein) in that:

a. The defendant corporation has failed to demonstrate the beneficiary [sic], utility and practicability of the single tax theory for any government;

b. It has failed to secure for the members of said corporation a model community free from all forms of special priviledges [sic];

c. It has failed to secure for the members of said corporation equality of opportunity;

d. It has failed to charge its lessees a fair rental value on the real property of the corporation.

e. It has, by charges of excessive rentals, confiscated improvements made by lessees of the said corporation, without due process of law;

f. The corporation has invested its major assets or holdings with a financial institution governed by individuals who are officers of the said defendant Fairhope Single Tax Corporation, a corporation, and the said financial institution to the deteriment [sic] of the members of defendant corporation;"

Subparagraphs a., b. and c. present allegations virtually identical to those this Court considered in Fairhope Single Tax Corporation v. Melville, 193 Ala. 289, 69 So. 466 (1915). In that case a complaint was filed by a member of the same Fairhope Single Tax Corporation seeking a dissolution or, in the alternative, an injunction (the same as in the case at bar), on the ground, among others, that "the corporation has failed and must fail in its purpose to demonstrate the 'beneficiency, utility and practicability of the single tax, with the hope of its general adoption by the governments of the future.'"

This Court in Fairhope Single Tax Corporation v. Melville held, inter alia, at 193 Ala. 305, 308, 69 So. 471:

"The enactment of 1903 permits the creation of a corporation designed to allow the incorporators and the corporation's controllees to illustrate and demonstrate, with its own property, means, and efforts, coupled with the presumed observance of contractual obligations assumed by others, single tax or other economic principles without impairing, embarrassing, or violating any features or function in the organic law. That is the enabling purpose of the enactment; and the powers conferred on the incorporation when perfected are those contributive to the effectuation of that purpose * * *."

*     *     *     *     *     *

"Distinguishing, if it can be done, the stated purpose underlying the act authorizing incorporations like that of the appellant from the exercise of the entirely lawful powers conferred by section 5 of the act allowing such incorporations, it cannot be affirmed or denied that the stated purpose is impossible of approximate attainment, because, whether the demonstration or illustration with or by the exercise of the lawful powers conferred on the corporation, in a manner or through methods the incorporators conceive to consist with the economic

principles approved by the corporation and those contractually concerned in or with its lawful operations, has been, is, or will be successful, is purely a matter of deduction from a premise of fact (assumed, not shown, it may be), that the soundness, wisdom, and practicability of the principles desired to be vindicated by actual test, within the bounds of every law, has been, is, or will be demonstrated or illustrated. One might conclude that the lawful exercise of the the powers conferred, however ordered, arranged, or applied they may be, would conduce to no possible demonstration or illustration of the principles adherence to which inspired the exercise of the powers; and another might conclude, with equal certainty of immunity from having his conclusion refuted, that the lawful use of the lawful powers conferred had already made a real object lesson confirmatory of the soundness and the practicability of the theories predicated of the principles sought to be illustrated by the corporate use of the powers conferred. There is *no standard*—nor can there be —by which the justification or correctness of these opposite deductions may be determined. Such deductions *lie entirely in the realm of irrevisable individual conception and personal judgment,* colored, if not controlled, by the individual's predilection for or against the economic principles which the order, arrangement, or processes observed are conceived to test, illustrate, or demonstrate.

"*No court can safely undertake to consider* and determine the soundness, correctness, or wisdom of the mental processes or deductions of individuals who, from a lawful management of properties they control, conclude that particular economic theories or principles are confirmed in actual test or are vindicated by real illustration. Being so restrained by the very nature of the thing, it is evident that the court cannot register a judgment that the purpose in authorizing the incorporation has or will fail, any more than it can register a judgment that the purpose in authorizing the incorporation has or will succeed." [Emphasis ours.]

Looking to the amended complaint in the case at bar, it is clear that complainants' subparagraphs a., b. and c. present claims which "lie entirely in the realm of irrevisable individual conception and personal judgment" for which there is "no standard" and which "[n]o court can safely undertake to consider" following our holding in Fairhope Single Tax Corporation v. Melville.

Likewise, the efficacy of subparagraphs d. and e. are directly controlled by this Court's decision in Fairhope Single Tax Corporation v. Melville, supra. In that former case, this Court was faced with almost identical allegations that the rents charged by the same corporation were excessive and based on other than the actual value of the lands, exclusive of improvements, and it expressly held that allegations as to these wrongs did not state a cause of action absent allegations that the internal remedies of the corporation had been invoked or that to do so would be futile. The Court held, in the former decision, at 193 Ala. 311, 69 So. 473:

" * * * However, if it be assumed (for the occasion only) that these two subjects of complaint, when fully disclosed by adequate allegations of fact, are wrongs of which this complainant may complain, their remedy may be effected by the corporate authorities upon their being directly advised thereof and their correction of these wrongs specifically invoked. The allegations of the bill are not sufficient in respect of the particular averments showing an effort to have the wrongs (if so) righted by the corporate authorities or to show the futility of appeal to those authorities."

There are no allegations in the complainants' amended bill of complaint that correction and redress of these wrongs have been sought from respondents. Nor is it alleged that to do so would be futile.

Therefore, we conclude that, under our prior decision in *Melville,* supra, subparagraphs d. and e. do not state a claim upon which relief can be granted.

Finally, in subparagraph f. it is alleged that the respondent corporation has invested its major assets or holdings with a financial institution governed by individuals who are also officers of the respondent corporation, all to the detriment of the members of the respondent corporation. While the exact nature of complainants' grievance is less than clear, in keeping with the liberal spirit of the new rules of civil procedure, we will assume that complainants are alleging a conflict of interest on the part of certain unnamed officers of the corporation.

■ Again, however, we must conclude that complainants have not stated a claim upon which relief can be granted. It is a well-established rule of substantive law in this state that before stockholders can sue the corporation to remedy corporate wrongs, they must first apply to the corporation's directors for redress. See, e. g., Minona Portland Cement Co. v. Reese, 167 Ala. 485, 52 So. 523 (1910); Hagood v. Smith et al., 162 Ala. 512, 50 So. 374 (1909); Howze et al. v. Harrison, 165 Ala. 150, 51 So. 614 (1910); Fairhope Single Tax Corporation v. Melville, supra. The only exception to this rule is where it clearly appears that such demand would be refused or that the proceedings to obtain redress would be under the control of the parties whose conduct is complained of such that the effort would be useless. See, e. g., Henry v. Ide, 208 Ala. 33, 93 So. 860 (1922); Howze v. Harrison, supra; Alabama Fidelity Mortgage & Bond Co. v. Dubberly, 198 Ala. 545, 73 So. 911 (1917); King v. Livingston Mfg. Co., 192 Ala. 269, 68 So. 897 (1915).

In the case at bar there is no allegation that demand for redress has been made on the corporation or that such would be futile. Moreover, it is far from clear from the allegations that, if complainants do have a valid grievance (which we do not

decide), redress cannot be had from the corporation. Therefore, we hold that subparagraph f. does not state a claim upon which relief can be granted.

For the reasons given, and having examined the complaint, we conclude that the trial judge's dismissal of the complaint for failure to state a claim upon which relief can be granted is due to be affirmed.

Affirmed.

COLEMAN, McCALL, FAULKNER and JONES, JJ., concur.