MADDOX, Justice.
The sole question on this appeal is: Did the trial court err in granting a motion to dismiss?
Plaintiffs, Theodore J. Bauman and Nathan Greenberg, filed a complaint seeking specific performance and an award of damages against the defendants, Joseph M. Hayes, Sue H. Hayes, Billy G. Hayes, Jo Anne Hayes and Blanche I. Hayes.
Plaintiffs allege that in December of 1966, the parties entered into an “Incorporation and Sales Agreement” whereby plaintiffs Bauman and Greenberg agreed to develop, manage and sell a parcel of land owned by the defendants. In return, the defendants were to receive $1,500 per acre and defendants, Joseph M. Hayes, Billy G. Hayes and Blanche I. Hayes were to receive 50% of the outstanding stock of the newly formed corporation. The remaining 50% of the stock would be controlled by Greenberg and Bauman.
The alleged agreement between the parties, which was attached as an exhibit to the complaint, provided, in part, that the property would be conveyed to the corporation in tracts of approximately ten acres each. The agreement provided further:
*371 “It is further understood and agreed that in the event the corporation does not develop the first approximate ten acre tract within eighteen (18) months from the date of this Agreement, then the Corporation agrees to reconvey it to the Hayes and this Agreement shall then become null and void as to the entire tract. It is further agreed that after the first approximate ten (10) acre tract is conveyed by the Hayes and the same is then developed, then the Corporation may make demand for another ten (10) acre tract to be conveyed by the Hayes to the Corporation, but such demand must be made within five (5) years from the former conveyance and if it is not made within said period, then this Agreement shall become null and void as to the remaining tract of said land. If such tract of land is not developed within eighteen (18) months, then the Corporation agrees to re-convey the same to the Hayes and the Agreement shall become null and void. The same shall apply to any additional approximate ten (10) acre tract conveyed by the Hayes to the Corporation until the entire tract has been developed or has failed to be developed. It is further agreed and understood that there must be continuous development of a minimum of ten (10) acres each five (5) years or this Agreement will become null and void as to any lands not then conveyed. ‘Development’ means that said lands are to be developed in accordance with the then existing City of other regulations for lands for sale for residence use.
“In order to further guarantee the proper development and utilization of said property, it is specifically understood and agreed that the Hayes Parties hereto do hereby grant unto said Corporation an unconditional option to purchase said property, subject to the terms and conditions as set out herein. In the event of the death of any of the Parties hereto, before completion of any of the terms and conditions as set out herein, it is specifically understood and agreed that this Agreement shall be binding upon the heirs, administrators, executors, or assigns, of any of the parties hereto.”
The first ten-acre tract was acquired on July 9,1971. Plaintiffs allege that on various occasions prior to and on November 28, 1975, they informed the defendants that they were ready to acquire an additional ten-acre tract. Plaintiffs also alleged that the defendants made it known to the plaintiffs that they would not convey additional land to the corporation.
Plaintiffs also claimed that the refusal to convey an additional ten-acre tract by Blanche Hayes and Joseph Hayes, who were directors and officers of the corporation, was not made in good faith and was not an exercise of an honest and valid business judgment. Plaintiffs further alleged that the activities of the Hayes were an attempt to seize and divert a business opportunity to themselves, and that their actions were in direct conflict with the corporation’s best interest.
The law of this case is well settled. A complaint is not subject to dismissal upon the ground that it fails to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Bowling v. Pow, 293 Ala. 178, 301 So.2d 55 (1974). Defendants seek to sustain the dismissal, arguing that the plaintiffs knew from the beginning that they were in no position to compel the sale of the real estate as they “contracted themselves into a 50/50 deadlock by their own express agreement.” The defendants also claim that no “demand” was made as called for by the sales agreement, and that no legal justification can excuse the failure to make a demand. Both arguments fall short of the test which must be met in order to sustain a motion to dismiss.
The plaintiffs’ second amended complaint alleged that the defendants’ refusal amounted to a breach of their fiduciary duty to the corporation. We hold that the plaintiffs should have the opportunity, if they can, to prove their allegations that the defendants breached a fiduciary duty owed *372 to the corporation. See Cox & Perry, Inc. v. Perry, 334 So.2d 867 (Ala.1976). We hold as we do because we cannot say with certainty that the plaintiffs would not be entitled to relief under any set of facts which could be proven in support of their allegations.
Plaintiffs counter defendants’ argument that no demand was made as called for by the agreement by saying that a demand would have been futile. Plaintiffs’ second amended complaint alleges that a demand would have been futile. See, e. g., Rezner v. Fairhope Single Tax Corporation, 292 Ala. 456, 296 So.2d 166 (1974). Again, we cannot say that the plaintiffs will not be able to prove that a demand would have been futile.
Naturally, this opinion should not be construed as any expression on the merits of the plaintiffs’ claim, but should be construed only as holding that, on a motion to dismiss for failure to state a claim, the trial court erred in dismissing the suit.
REVERSED AND REMANDED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.