On this appeal, a widow challenges, on equal protection grounds, the constitutionality of the gender-based classifications found in the Widow's Separate Estate Statute (Code 1975, § 43-5-3), the Widow's Share of Personalty Statute (Code 1975, § 43-3-10), and the Widow's Share of Realty Statute (Code 1975, § 43-5-2).
Frank Moody Barger died on April 11, 1978, owning real and personal property. His son, Dewey E. Barger, who was named executor in the will, filed a petition to probate his late father's will and the will was admitted to probate on May 26, 1978. On June 29, 1978, Juanita Barger, the widow, filed a petition for dower, a claim for homestead and personal exemption and her dissent from the will. On July 5, 1978, the widow requested that the administration of the estate be removed to the circuit court; the administration of the estate was ordered removed to the circuit court on July 14, 1978.
On June 4, 1980, the widow's attorneys filed what was styled "Motion to Declare Statutes Unconstitutional" in which she claimed that §§ 43-5-3, 43-3-10 and 43-5-2 were unconstitutional because they contained a gender-based classification which was "based upon old notions of the relationships between men and women." No service of this motion was brought or had on the Attorney General of the State of Alabama.
Appellee contends that since the widow requested the trial court to make a declaration concerning the constitutionality of the three statutes mentioned in her motion, that the Attorney General of the State of Alabama should have been served with a copy of the motion under the provisions of Code 1975, §6-6-227. We agree.
The widow contends that compliance with § 6-6-227 is only required in original actions for declaratory relief which involve the validity of a state statute. We cannot agree with her contention.
Even though her request for a declaration of rights was made in connection with the administration of her deceased husband's estate, we hold that the widow should have complied with the provisions of § 6-6-227. *Page 19 
Other provisions of Alabama's Declaratory Judgment Act expressly mention wills and estates as subjects of declaratory relief and it seems only reasonable and logical that the legislature intended to cover other than original declaratory judgment actions.
Code 1975, § 6-6-223, provides:
 "Any person interested under a deed, will, written contract or other writings constituting a contract or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise may have determined any question of construction, or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder. (Acts 1935, No. 355, p. 777; Code 1940, T. 7, § 157)" [Emphasis added.]
Code 1975, § 6-6-225, provides, in part:
 "Any person interested as * * * an executor, * * * heir, [or] next of kin * * * in the administration * * * of the estate of a decedent, * * * may have a declaration of rights or legal relations in respect thereto:
* * * * * *
 "(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings. (Acts 1935, No. 355, p. 777; Code 1940, T. 7, § 159.)"
Based on the foregoing, we hold that the legislature intended that, when a party seeks a declaration of rights as to the validity of state statutes during the course of the administration of an estate, as in this case, that the service on the Attorney General, pursuant to § 6-6-227, is mandatory and jurisdictional. Cf. Bond's Jewelry Co. v. City of Mobile,266 Ala. 463, 97 So.2d 582 (1957); Nicholson v. Board ofComm'rs of Ala. State Bar Assn., 338 F. Supp. 48 (M.D. Ala. 1972).
Because the widow failed to serve the Attorney General as required by state law, we hold that the trial court was without jurisdiction to decide the state and federal constitutional claims. The appeal is due to be dismissed.
APPEAL DISMISSED.
FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., not sitting.