[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1234 
These appeals arise from a class action suit filed by several of the lessees of the Fairhope Single Tax Corporation ("FSTC") against FSTC and several of its officer-members. The plaintiff lessees sought a wide range of relief, including an injunction to prevent the dissolution of FSTC, an accounting, a revision of the lease forms and of FSTC's constitution, a declaration of mineral rights, damages (both compensatory and punitive), and attorney fees. The trial court made extensive findings of fact, which are not challenged on appeal, and entered a judgment granting most of the relief sought by plaintiffs. Defendants appealed; plaintiffs cross-appealed in order to get certain details of the trial court's order changed.
FSTC was organized in 1904 under the authority of what is now Code 1975, §§ 10-4-190 through -194, and is sui generis. FSTC originated as a single tax colony founded in 1894 in order to demonstrate the values of Henry George's single tax theory as expressed in his book Progress and Poverty. FSTC now owns approximately 4300 acres in Baldwin County and has about 1300 lessees. There are only 140 members of FSTC, and only about 60 members actually hold FSTC leaseholds. FSTC's assets total over $20 million.
There was much oral and written evidence in this case, and the trial court made extensive findings of fact and conclusions of law in its 19-page judgment. Basically, the executive council of FSTC ordered large increases in rent over several years and increased rent for various "country" lots at a higher rate than for "city" lots. FSTC members used FSTC money from the "Rent Fund" (which FSTC admits is a trust) to develop a subdivision; FSTC also transferred interest from the Rent Fund to the "Land Fund" (used to buy land). The members attempted to dissolve FSTC in 1979 in order to reorganize it as a "for profit" corporation with each member having one share, and $2600.00 was paid out of the Rent Fund to an attorney, who was a member, for his work on the attempted dissolution. Income taxes on the Land Fund and on a "Mineral Fund" were paid out of the Rent Fund. The trial court determined that all of these actions (along with others) amounted to a breach of a fiduciary duty by FSTC and the individual defendants.
FSTC revised the lease it had used since 1932, and the trial court held that the adoption of the revised lease was a breach of the contract FSTC had with each lessee under the standard lease to maintain a trust with the rent money received from all lessees for the equal benefit of all lessees.
The trial court ordered extensive changes in the operation of FSTC. These *Page 1235 
include: giving all lessees the opportunity to become members (with certain conditions), reinstating use of the standard lease, reevaluating the rent assessment system, ending restrictions on transfer of improvements, recognizing that clearing of land is an improvement, returning misused moneys to the Rent Fund, making all minerals for the common benefit of all members and lessees, and restricting cash surplus to an amount equal to twice FSTC's annual expenses. The court also held § 10-4-194 unconstitutional. It also enjoined any attempt to dissolve FSTC. Further, the defendants were ordered to pay $141,600.00 in compensatory damages, $110,000.00 in punitive damages, and $179,686.77 in attorney fees.
Appellants raise the following issues:
 (1) Whether the trial court violated members' rights by establishing substantive criteria for membership.
 (2) Whether the trial court erroneously injected itself into FSTC management (especially in the areas of rents and leases).
 (3) Whether the trial court ignored the rule that a stockholder must first comply with the corporation's internal procedure for grievance resolution before filing suit.
 (4) Whether the trial court erroneously intruded into the business judgment of FSTC management (especially in the areas of improvement classifications and mineral rights).
 (5) Whether the trial court erroneously awarded plaintiffs compensatory and punitive damages.
 (6) Whether the trial court erroneously awarded plaintiffs attorney fees.
On cross-appeal, appellees raise these issues:
 (1) Whether the trial court erred in requiring prospective members to take the "Henry George course" on single tax theory and in allowing applicants to be rejected for "good cause."
 (2) Whether the trial court erred in holding § 10-4-194 unconstitutional.
 (3) If defendants did not waive the issue of pursuit of internal corporate remedies by not raising it at trial, then did the trial court err in not admitting a letter showing plaintiffs' attempt to pursue internal remedies?
Most of these issues can be resolved by answering the following question: What is the essential nature and character of FSTC? Defendants argue that FSTC should be treated as a commercial corporation and, thus, that the trial court impermissibly meddled in the internal management of FSTC. Plaintiffs argue that FSTC should be treated as a trustee administering a charitable trust for the benefit of members and lessees alike. We stress that FSTC is sui generis; it is not exactly like any other entity known to our law, and thus, our holding in this case is a narrow one. We hold that FSTC is more in the nature of a commercial corporation than in the nature of a trustee of a charitable trust.
Section 10-4-190 provides that "Ten or more persons desiring to associate themselves together not for pecuniary profit in the sense of paying interest or dividends on stock, but for mutual benefit through the application of cooperation, single-tax or other economic principles, may become a body corporate. . . ." In all of the opinions that this Court has issued that deal with FSTC, we have analogized FSTC members to stockholders in a corporation. "[T]he corporation [FSTC] cannot be dissolved at the suit of a minority stockholder on the ground of its already accomplished or fore-shadowed failure, financial or otherwise." Fairhope Single Tax Corp. v. Melville,193 Ala. 289, 310, 69 So. 466, 473 (1915). "In the context of Title 10, section 168 [now Code 1975, § 10-4-190], we equate 'members' with 'stockholders.' " Opinion of the Justices No.222, 333 So.2d 125, 126 (Ala. 1976). "In considering Code 1975, §§ 10-4-190 through 10-4-193 . . . we deem 'members' to be the equivalent of 'stockholders' of a corporation and thus to enjoy the same equity ownership and property rights that shareholders enjoy in a commercial corporation." Opinion of the Justices No.262, 373 So.2d 293, 296 (Ala. 1979). See *Page 1236 
also, Rezner v. Fairhope Single Tax Corp., 292 Ala. 456, 460,296 So.2d 166, 170 (1974) (likens members to stockholders who must apply to a corporation's directors for redress before they can sue the corporation).
"[A]s a general rule courts of equity will not interfere with the internal business management of corporate assets by the board of directors. But in case of fraud or maladministration, destructive or injurious to the corporation, this rule does not apply." Cherry Investment Corp. v. Folsom, 273 Ala. 575, 577,143 So.2d 181, 183 (1962). The business judgment rule applies to non-profit corporations as well. W. Fletcher, Cyclopedia ofCorporations, § 2104, at 425 (1976).
Since FSTC is more like a commercial corporation than a trustee, the trial court erred in using its equitable powers to make changes in the internal management of FSTC and to enjoin any attempt by management to dissolve the corporation.
The trial court also erred in making changes in FSTC's membership policy. Section 10-4-192 provides that any corporation incorporated under § 10-4-190 "may admit such other persons to participate in its benefits as it may see fit andupon such conditions as it may impose."[1] (Emphasis added.) Article III of FSTC's 1932 constitution states, "Any person over the age of eighteen years whose application shall beapproved by the Executive Council and who shall contribute to the Corporation one hundred dollars, shall be a member of the Corporation. . . . ." (Emphasis added.) " 'The grant or refusal of membership in a voluntary association is a matter within the complete control of the organization, which has the power to enact laws governing the admission of members, and to place restrictions on the right of admission.' " Chapman v. AmericanLegion, 244 Ala. 553, 556, 14 So.2d 225, 228 (1943) (quoting 7 C.J.S. Associations § 23 p. 59 (1980)). Since FSTC is not to be treated as a trustee, then its membership policy is within its discretion.
The trial court erred in making changes in FSTC's management on the basis of the contracts between FSTC and its lessees. "When parties enter a written contract, the writing is the sole expositor of the intention of the parties and the transaction."Whitehead v. Johnston, 467 So.2d 240, 243 (Ala. 1985). The plaintiffs complain that they had contracted with FSTC to have FSTC apply the principles of Henry George. Nowhere in the standard lease and lease application (which is incorporated into the lease) or in the revised lease and lease application is the Henry George theory mentioned. The standard lease states:
 "The said lessee . . . shall pay to the said Fairhope Single Tax Corporation . . . the annual rental value of said land, exclusive of the improvements thereon, to be determined by the said Corporation through its Executive Council or Board of Directors, under its avowed principle of so fixing the rentals of its lands as to equalize the varying advantage of location and natural qualities of different tracts and convert into the treasury of the Corporation for the common benefit of its lessees, all values attaching to such lands, exclusive of improvements thereon."
The above land rental principle is indeed very similar to the basic principle of Henry George's theory: "We must make land common property." H. George, Progress and Poverty 295 (1879). However, the standard lease does not say that Henry George's theory will be applied. The standard lease application incorporates FSTC's constitution, but the constitution never mentions the Henry George theory.
All of the plaintiffs' expert testimony about how the Henry George theory should work and how FSTC was not applying it is irrelevant to the contract claim, for the plaintiffs never contracted to have the Henry George theory applied.
As to the plaintiffs' claim that FSTC has discriminated in its rent increases, this *Page 1237 
Court has stated what actions are necessary in order to state a cause of action with respect to the rents charged by FSTC. InRezner v. Fairhope Single Tax Corp., 292 Ala. 456, 459,296 So.2d 166, 169 (1974), we relied upon Fairhope Single Tax Corp.v. Melville, 193 Ala. 289, 69 So. 466 (1915), and stated that allegations as to these wrongs [the rents] did not state a cause of action absent allegations that the internal remedies of the corporation have been invoked or that to do so would be futile. Plaintiffs made no allegation that they had invoked FSTC's internal rent review procedure or that to do so would be futile. Plaintiffs did attempt to introduce a letter written to the members approximately two years after this suit was filed; plaintiff claimed this letter was an internal demand for relief. This letter was to the members in general and made no attempt to invoke the internal remedies procedure of FSTC. Defendants raised as a defense the failure to state a claim upon which relief can be granted and they showed at trial the plaintiffs' failure to pursue the internal remedies of the corporation. Therefore, plaintiffs have failed to state a cause of action as to the setting of rents.
The trial court held that § 10-4-194 is unconstitutional. A challenge to the constitutionality of an Alabama statute falls under the Alabama Declaratory Judgment Act, § 6-6-220 et seq., and the Attorney General must "be served with a copy of the proceeding and be entitled to be heard." Section 6-6-227. The Attorney General was not served with notice of the defendants' challenge to § 10-4-194. The defendants should have complied with § 6-6-227. Barger v. Barger, 410 So.2d 17 (Ala. 1982). Therefore, the trial court had no jurisdiction to resolve the constitutional claim and its decree concerning § 10-4-194 is void. Guy v. Southwest Alabama Council on Alcoholism,475 So.2d 1190 (Ala.Civ.App. 1985).
The trial court also assessed compensatory damages against the defendants, punitive damages against the individual defendants, and attorney fees. These damages awards were for the misuse of monies from the Rent Fund. The defendants admit that the Rent Fund is a trust fund created from the standard lease that states that all rents "shall be administered as a trust fund for the equal benefit of those leasing its lands." A trustee owes undivided loyalty to the trust. Birmingham TrustNat. Bank v. Henley, 371 So.2d 883, 895 (Ala. 1979), cert. denied, 445 U.S. 915, 100 S.Ct. 1273, 63 L.Ed.2d 598 (1980). The misuse of monies from the Rent Fund was a breach of duty on the part of the defendants. Where the course of dealing of the trustee is such that it causes a loss, a trustee will be liable. First Alabama Bank of Montgomery, N.A. v. Martin,425 So.2d 415, 428 (Ala. 1982). The Rent Fund was to be for the equal benefit of all lessees, and the lessees were denied benefit of the funds wrongfully taken from that fund. Therefore, the trial court correctly ordered that compensatory damages be paid into the Rent Fund to reimburse it.
The trial court also assessed punitive damages against the individual defendants. Punitive damages may be awarded where malice or fraud is involved. C. Bogert, The Law of Trusts andTrustees, § 862, at 41 (rev. 2d ed. 1982). The trial court did not find that the defendants' breaches of duty concerning the Rent Fund involved malice or fraud, and the record does not indicate such conduct. The trial court erred in awarding punitive damages in this case.
The trial court correctly awarded attorney fees to the plaintiffs. The plaintiffs' suit benefited the Rent Fund trust. "In Alabama, when the contentions of a party in litigation are in the interest of and for the benefit of the entire trust estate, the courts will award costs and attorney fees from the trust estate to the party benefiting the trust estate."Farlow v. Adams, 474 So.2d 53, 59 (Ala. 1985).
The trial court's award of compensatory damages is affirmed. While an award of attorney fees is appropriate in this case, we remand this aspect of the judgment for the trial court's consideration of the amount of the award in light of our reversal of other parts of the judgment in this case. The *Page 1238 
trial court's award of punitive damages is reversed. The trial court's holding that § 10-4-194 is unconstitutional is reversed. The trial court's order making changes in FSTC's management, rent policies, and membership policies is reversed. This cause is remanded to the trial court for it to dissolve its injunction and to enter an order not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
MADDOX, JONES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
ALMON, J., not sitting.
[1] No question is presented in this case as to whether § 10-4-190
is constitutionally infirm in any manner such as a denial of equal protection.
 ON APPLICATION FOR REHEARING