The plaintiffs' lawsuit was filed prior to the merger. The damages claimed by the plaintiffs in their individual capacity are premised solely upon "depletion in value of their stock." Therefore, I agree with the majority that the individual claims were properly dismissed. See Gregory v. Mitchell, 459 F. Supp. 1162,1165 (M.D.Ala. 1978). No other loss has been alleged. Cf.Shelton v. Thompson, 544 So.2d 845 (Ala. 1989) (Torbert, C.J., dissenting) (impairment of shareholders' right to dissent from merger proposal would support individual cause of action). I therefore concur in that portion of the Court's judgment.
As to the derivative claims, however, I must dissent. The majority's position, as in Shelton v. Thompson, supra, seems to be that, "in the context of merger," notice to the directors is always excused because such notice would always be "futile." No other case supports such a departure from what I view as wise and settled law.
My analysis begins with the Alabama Rules of Civil Procedure, specifically Rule 23.1. Insofar as is pertinent here, that Rule provides:
 "The complaint shall also allege with particularity
the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort." (Emphasis added.)
The "notice" precondition to bringing a derivative action is mandatory absent exceptional circumstances. Ross v. Bernhard,396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). The "demand" requirement recognizes and defers to "the right of the corporate directory to corporate control; in other words, to make the corporation paramount, even when its rights are to be protected or sought through litigation." Delaware Hudson Co.v. Albany Susquehanna R. R., 213 U.S. 435, 446, 29 S.Ct. 540,543, 53 L.Ed. 862 (1909).
The pertinent allegations in the complaint are:
 "The plaintiff did not make a demand upon the Board of Directors to institute this action because it is against most of the Board of Directors and such a demand would have been useless.
 "The plaintiff did not make a demand upon the other stockholders to institute this action because the majority of the stock is owned by the Directors and/or their families and such a demand would have been useless."
Although it is uncontroverted in the instant case that Bass was a shareholder of Commercial Bank both at the time of the alleged wrongdoing and at the time the derivative suit was commenced, I can not agree that the allegations contained in this complaint substantially comply with the "demand" requirements of Rule 23.1, or with the "futility" exception thereto.
As indicated, a prior demand, first on the directors and then on the shareholders, is required by Rule 23.1, Ala.R.Civ.P.:
 "It is a well-established rule of substantive law in this state that before stockholders can sue the corporation to remedy corporate wrongs, they must first apply to the corporation's directors for redress. See, e.g., Minona Portland Cement Co. v. Reese, 167 Ala. 485, 52 So. 523 (1910); Hagood v. Smith et al., 162 Ala. 512, 50 So. 374 (1909); Howze et al. v. Harrison, 165 Ala. 150, 51 So. 614
(1910); Fairhope Single Tax Corporation v. Melville, supra [193 Ala. 289, 69 So. 466 (1915)]. The only exception to this rule is where it clearly appears that such demand would be refused or that the proceedings to obtain redress would be under the control of the parties whose conduct is complained of such that the effort would be useless. See, e.g., Henry v. Ide, 208 Ala. 33, 93 So. 860 (1922); Howze v. Harrison, supra; Alabama Fidelity Mortgage Bond Co. v. Dubberly, 198 Ala. 545, 73 So. 911 (1917); King v. Livingston Mfg. Co., 192 Ala. 269, 68 So. 897 (1915)."
Rezner v. Fairhope Single Tax Corp., 292 Ala. 456, 460,296 So.2d 166, 170 (1974) *Page 862 
(emphasis added). Over a century ago, the Court stated:
 "The opinions of men are as variant as their faces. Hence, in the government of corporations, much must be left to the judgment and discretion of the directory, and much must be credited to the fallibility of human judgment. If it be supposed an unwise course is being pursued, or that the interests of the corporation are suffering, or likely to suffer through the inefficiency or faithlessness of an official, an appeal should first be made to the directory or governing body, to redress the grievance. Failing there, in ordinary cases the next redress will be found in the power of the ballot, which usually comes into exercise at short intervals. We will not say there may not be cases, in which the strong, restraining arm of the Chancery Court may be invoked in the first instance. The whole governing force may become corrupt, or may enter into a combination, either ultra vires, or so destructive of the policy and property of the corporation, as to show an appeal to the directory would be fruitless, and delay extremely perilous. It should be a strong case, however, to justify such interferences." (Emphasis supplied.)
Tuscaloosa Mfg. Co. v. Cox, 68 Ala. 71, 75 (1880). Nor has this Court in more recent times strayed from rigorously enforcing the demand requirement. See Goldman v. Jameson, 290 Ala. 160,275 So.2d 108 (1973) (demand deemed unnecessary only when futility can be inferred with reasonable certainty); DecaturMineral Land Co. v. Palm, 113 Ala. 531, 540, 21 So. 315, 318
(1896) (futility not presumed; demand excused only when it would be a "vain and useless undertaking"); see also Shelton v.Thompson, supra (Torbert, C.J., dissenting). This is also the stand taken in federal courts:
 "Despite the strong policy and practical advantages favoring exhaustion of intracorporate remedies, the demand requirement of Rule 23.1 is not without exception. A shareholder may be allowed to assume control of litigation on the corporation's behalf without first affording the directors the opportunity to occupy their normal status by making demand, if the shareholder can show his case is exceptional or, in other words, that demand would be a futile, useless exercise. Thus, the shareholder must demonstrate a degree of antagonism between the directors and the corporate interest such that the directors would be incapable of doing their duty. In Re Kauffman Mutual Fund Actions, 479 F.2d [257] at 263 [(1st Cir. 1937)].
 "Under Rule 23.1 the plaintiff must allege with factual particularity the reasons why demand is futile and should be excused. The burden is on the plaintiff to show that the requirements of the rule have been satisfied. In Re Kauffman Mutual Fund Actions, 479 F.2d at 263. This Court must then determine, solely on the basis of the complaint, whether the plaintiff has met this burden; whether 'any set of facts [is] shown that would prove futility.' Newton v. Hornblower, 224 Kan. [506] at 511, 582 P.2d 1136 [(1978)]. All well-pled facts are assumed to be true. Tabas v. Mullane, 608 F. Supp. [759] at 765 [(D.N.J. 1985)]. The decision as to whether plaintiff's allegations of futility are sufficient to excuse demand depends on the particular facts of each case and lies solely within the discretion of the trial court. Lewis v. Graves, 701 F.2d [245] at 248 [(2d Cir. 1983)]; Newton v. Hornblower, 224 Kan. at 511, 582 P.2d 1136. If the complaint does recite sufficient facts to establish futility, courts are generally lenient in excusing demand. Newton v. Hornblower, 224 Kan. at 511, 582 P.2d 1136; see also deHaas v. Empire Petroleum Co., 435 F.2d 1223 (10th Cir. 1970). This standard does not mean a court will be lenient in finding there are sufficient facts pled to establish futility. Rather, it means that if the court finds sufficient facts are pled, then it will be lenient in excusing demand — a matter within its discretion. As noted in Lewis v. Curtis, 671 F.2d 779, 784 [(3d Cir. 1982)], 'because of the important policy behind this rule, "the demand requirement of Rule *Page 863 
23.1 should be rigorously enforced." ' (Quoting Cramer v. GT E Corp., 582 F.2d 259, 275 (3d Cir. 1978), cert. denied, 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979).)"
Kaufman v. Kansas Gas Elec. Co., 634 F. Supp. 1573, 1578
(D.Kan. 1986).
Would demand, if made upon the directors of Commercial Bank, have been futile? I conclude that it would not have been. This lawsuit was filed prior to the merger. The corporation that survived the merger has been realigned as a party plaintiff to press the claims against the directors of Commercial Bank. This fact of itself certainly raises a presumption that notice or demand would not have been futile: if the survivor deems it appropriate to prosecute the claims, such a course also, presumably, would have been the prudent course for Commercial Bank to follow. Moreover, in light of precedent, the plaintiff's conclusory allegations regarding futility pale. InHaygood v. Smith, 162 Ala. 512, 50 So. 374 (1909), this Court held that evidence of control by members of a single family of the outstanding shares of stock of a corporation was insufficient to excuse demand on the shareholder. Finally, due to the fact that the standard for reviewing a trial court's finding regarding a question of futility is the abuse-of-discretion standard, Lewis v. Graves, 701 F.2d 245 (2d Cir. 1983), I am unwilling to conclude that the trial court's disposition warrants reversal, especially given the broad, unspecific language of the complaint.
In this case and in Shelton v. Thompson, supra, a majority of this Court has demonstrated an odd fascination with derivative suits involving an interplay with merger. As I read this new Court-made law, I believe that notice and demand are now excused as futile as a matter of course when a merger takes place, whether before or after the litigation is initiated. I can not agree with such an active departure from established law. Accordingly, as to the disposition reached regarding the derivative claims, I dissent.