MADDOX, Justice.
Olin G. Fields died in 1987, and his will was probated on January 8, 1988. Notice to possible creditors of the six-month period for filing claims was published in a local newspaper in accordance with Ala.Code 1975, § 43-2-61. The estate was settled on August 5, 1988. On September 9, 1988, Mathews Realty Company, Inc., was notified of the probate of Fields’s will; Mathews Realty was the holder of a promissory note executed by Fields, and it notified the probate court of its claim and asked the court to set aside its order of final settlement of the estate. Mathews Realty contested the constitutionality of § 43-2-61 and claimed that notice to creditors by publication alone is improper under the reasoning of Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). The probate court held that it was without jurisdiction to consider Mathews Realty’s claim.
On appeal, Mathews Realty argues that the notice scheme provided for in § 43-2-61 is unconstitutional and claims' that it should have been given actual notice of the probating of Fields’s will. It is clear from the record that Mathews Realty never gave the attorney general notice that it was challenging the constitutionality of a statute. “A challenge to the constitutionality of an Alabama statute falls under the Alabama Declaratory Judgment Act, § 6-6-220 et seq., and the Attorney General must ‘be served with a copy of the proceeding and be entitled to be heard.’ Section 6-6-227.” Fairhope Single Tax Corp. v. Rezner, 527 So.2d 1232, 1237 (Ala. 1987). Service on the attorney general is mandatory and jurisdictional. Wallace v. State, 507 So.2d 466, 468 (Ala.1987). When a party seeks a declaration of rights as to the validity of a state statute during the course of the administration of an estate, service on the attorney general, pursuant to § 6-6-227, is mandatory and jurisdictional. Barger v. Barger, 410 So.2d 17, 19 (Ala.1982).
Because Mathews Realty never served the attorney general as required by § 6-6-227, the issues raised by this appeal are not properly before this Court. Therefore, the appeal is due to be dismissed.
APPEAL DISMISSED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.