THIGPEN, Judge.
Inspectors in the Engineering Department (Employees) of the City of Dothan (City) filed grievances with the Personnel Board of *9 the City of Dothan, Alabama (Board), requesting that they be paid the same salary as fire prevention officers in the Fire Department. After a hearing, the Board denied the Employees’ requests. The Employees appealed that decision to the circuit court. The Board filed a motion to dismiss, alleging that the appeal was untimely. The trial court granted the motion to dismiss.
The Employees appeal, contending that § 33 of the Civil Service Act of Dothan, 1992 Ala.Acts, No. 92-442, is unconstitutional because, they argue, it fails to provide an adequate time for appeal from an adverse administrative decision and fails to require notice of the time limit in which to file such an appeal.
Ala.Code 1975, § 6-6-227, requires that, in any proceeding in which a “statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard.” The Employees concede that there was no service on the attorney general. When a party seeks a declaration of rights regarding the validity of a statute, “service on the Attorney General, pursuant to § 6-6-227, is mandatory and jurisdictional.” Barger v. Barger, 410 So.2d 17, 19 (Ala.1982). Although § 6-6-227 is found within the Declaratory Judgment Act, when the constitutionality of a statute is challenged, service on the attorney general is required regardless of whether the action was in the nature of a declaratory judgment action. Wallace v. State, 507 So.2d 466 (Ala.1987).
If the party challenging the constitutionality of a statute fails to serve the attorney general, as required by Ala.Code 1975, § 6-6-227, the trial court has no jurisdiction to decide the constitutional claims. Guy v. Southwest Alabama Council on Alcoholism, 475 So.2d 1190 (Ala.Civ.App.1985). Furthermore, our Supreme Court has held “that failure to serve the attorney general ‘goes to the jurisdiction of the court,’ that the ‘absence of jurisdiction is apparent on the face of the record,’ and that we must take notice of our own want of jurisdiction” and dismiss the appeal. Smith v. Lancaster, 267 Ala. 366, 367, 102 So.2d 1, 2 (Ala.1958) (citations omitted). Because the Employees failed to serve the attorney general, the issues raised on appeal are not properly before this court, and the appeal is due to be dismissed. See Mathews Realty Co. v. Dennis, 549 So.2d 481 (Ala.1989).
APPEAL DISMISSED.
YATES, J., concurs.
ROBERTSON, P.J., dissents.