On Application for Rehearing
MOORE, Judge.
On application for rehearing, J.P. (“the father”) argues that this court overlooked his constitutional objection to the judgment awarding R.L.P. and J.D.P. (“the grandparents”) visitation with the father’s child. Specifically, the father .points out that he filed a pretrial brief with the Eto-wah Juvenile' Court (“the juvenile court”) in which he argued that, as a fit parent, he had a constitutional right to custody of his child free of governmental interference. However, the .father argued that point solely to prove his right to custody of the child, not to dispute the right of the grandparents to seek and obtain visitation with the child. Nowhere in his pretrial brief does the father address the visitation issue or argue that an award of grandparent visitation would violate his constitutional rights.
 Our legislature has set out the procedure by which a party may attack the constitutionality of a statute. ,
“Alabama] Code 1975, § 6-6-227, requires that, in any proceeding in which a ‘statute, ordinance, or franchise is alleged to be •■unconstitutional, the Attorney General of the State shall also be served with a copy’of the proceeding and be entitled to be heard.’ ... When a party seeks a declaration of rights regarding the validity of a statute, .‘service on the Attorney General, pursuant to § 6-6-227, is mandatory and jurisdictional.’ Barger v. Barger, 410 So.2d 17, 19 (Ala.1982). Although § 6-6-227 is found within the Declaratory Judgment Act, when the constitutionality of a statute is challenged, service on the attorney general is required regardless of whether the action was in the nature of a declaratory judgment action. Wallace v. State, 507 So.2d 466 (Ala.1987).”
Tucker v. Personnel Bd. of Dothan, 644 So.2d 8, 9 (Ala.Civ.App.1994). The record contains no evidence indicating that the father ever served a constitutional objection to Ala.Code 1975, § 30-3-4.1, the Alabama Grandparent Visitation Act, .on the attorney general so as to invoke the jurisdiction..of the juvenile, court to consider that contention.
*950 The attorney general need not be served when a party challenges the constitutionality of a statute only as it applies to him or her. See Bratton v. City of Florence, 688 So.2d 233 (Ala.1996). In this case, as we held in the opinion issued on original submission, the father did not make any argument that the juvenile court had acted unconstitutionally in awarding the grandparents visitation. In his pretrial brief, the father does not mention grandparent visitation and certainly does not argue that the juvenile court would be acting unconstitutionally in applying § 30-3^.1 to award grandparent visitation over his objection. The father would have this court construe 'his constitutional arguments supporting his claim for custody as encompassing an argument that his custody should not be impeded by an award of grandparent visitation. This court cannot engage in such a tortuous interpretation of a rather straightforward argument that does not in any way implicate an objection to grandparent visitation.
Finally, we note that, following the entry of the judgment, in which the juvenile court awarded the grandparents visitation with the child, the grandparents filed a postjudgment motion requesting that the juvenile court broaden their visitation time and remove restrictions on their visitation rights. The juvenile court granted that motion. The father did not file any response to the grandparents’ postjudgment motion or file any objection to the visitation awarded in the amended judgment despite an opportunity to do so. As we held in our opinion issued on original submission, the father raises his constitutional objections to the award of grandparent visitation for the first time on appeal, and we therefore cannot consider that argument. See Birmingham Hockey Club, Inc. v. National Council on Comp. Ins., Inc., 827 So.2d 73, 80 (Ala.2002) (“In order to be considered on appeal, issues must be presented to the trial court and to the opposing parties at the trial level.”).
We are convinced that we have not overlooked an objection to the award of grandparent visitation or misapprehended the record in this case. See Rule 40(b), Ala. R.App. P. We, therefore, overrule the father’s application for rehearing.
APPLICATION OVERRULED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.